**STATE of Minnesota, Respondent,**

v.

**Byron K. ANDERSON, Appellant.**

**No. C7–93–1467.**

Court of Appeals of Minnesota.

Nov. 2, 1993.

Review Denied Dec. 22, 1993.

Lawrence E. Nichols, St. Paul, for appellant.

Bruce D. Obenland, Pope County Atty., Glenwood, for respondent.

Considered and decided by PETERSON, P.J., and DAVIES and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

In this sentencing appeal, Byron K. Anderson challenges the district court's order that he pay restitution to the victim in the amount of $10,227.12. He claims the restitution order violates the terms of his plea agreement, and requires either resentencing or withdrawal of his guilty plea. We disagree, and affirm.

## FACTS

On the evening of November 15, 1990, JMJ was sexually assaulted in her home. JMJ was 60 years old at the time. The identity of JMJ's assailant remained unknown until September 1992, when the investigation of the sexual assault of another woman focused suspicion on Anderson.

On December 9, 1992, a complaint was filed charging Anderson with two counts of first degree criminal sexual conduct and one count of third degree criminal sexual conduct in connection with the assault of JMJ. Following negotiations with the State, Anderson pleaded guilty to one count of first degree criminal sexual conduct. The State agreed to dismiss the remaining two counts, and to recommend sentencing within the guideline limits. The district court accepted Anderson's plea, and ordered a presentence investigation report (PSI) and victim impact statement.

In the PSI, the probation officer recommended a 98–month prison term. The officer further recommended that Anderson "pay the mandatory minimum fine of $500.00, and that he make restitution to the victim for any out-of-pocket expenses."

The officer prepared a victim impact statement based on a telephone interview with JMJ. JMJ told the officer she resigned the teaching position she held for 30 years, sold her home, and moved out of state because

her assailant had not been identified. JMJ further told the officer that she continues to have flashbacks regarding the assault and often feels victimized.

JMJ provided a written statement which she also read in open court during the sentencing hearing. She outlined how the assault changed her life and caused her much pain and loss. By affidavit, JMJ itemized the economic losses she sustained "as a direct and proximate result of [Anderson's] actions." Those losses, which totalled $10,227.12, included $5,796 in accumulated sick leave she was forced to take after the assault because she could not bring herself to return to work, $3,912 in wages not reimbursed by her disability coverage, and $519.12 in insurance premiums paid by her after exhaustion of her accrued sick leave.

At the sentencing hearing, defense counsel noted that restitution had not been contemplated during the plea negotiations. However, counsel did not argue that an order of restitution would violate the plea agreement. Instead, counsel argued it would be unrealistic to expect Anderson (who would be imprisoned for seven years and who had no financial resources or assets) to pay the amount of restitution sought by the victim. Counsel requested that any restitution ordered be of a reasonable amount and not exceed $1,000.

The district court sentenced Anderson to 103 months in prison, and ordered him to pay restitution of $10,227.12. This appeal followed.

## ISSUE

Did the district court abuse its discretion in ordering restitution of $10,227.12?

## ANALYSIS

■ Restitution may be ordered by a sentencing court in addition to an executed prison sentence. Minn.Stat. § 609.10(5) (1990). The court has wide discretion in ordering restitution and determining the appropriate amount of restitution. *State v. Hanson*, 405 N.W.2d 467, 469–70 (Minn.App.1987) (quot-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

ing *State v. Muller*, 358 N.W.2d 72, 76 (Minn. App.1984)).

On appeal, Anderson argues the restitution order violates the plea agreement because restitution was not discussed or contemplated by the plea agreement. However, the record suggests Anderson should have been aware that the victim might seek and the court might order restitution in this case.

■ At the time of the plea, all of the conditions were exhaustively addressed by the attorneys and district court. The guilty plea to first degree criminal sexual conduct was accepted by the court, and pursuant to the plea agreement the remaining two counts were dismissed. The court ordered a PSI "with victim impact statement." Such statements are intended to gather information regarding the victim's injuries and opinion as to the appropriate sentence to be imposed, and to inform the victim of her right to request restitution. *See* Minn.Stat. § 611A.037 (1990). Thus, by implication, restitution was potentially involved.

■ Prior to sentencing, Anderson received copies of the PSI recommending restitution and the victim impact statement. He was also provided a copy of JMJ's affidavit, which itemized her $10,227.12 in economic losses. *See* Minn.Stat. § 611A.04, subd. 1 (1990) (victim's request for restitution, which may be in affidavit form, may include any out-of-pocket losses resulting from crime).

Despite receipt of these documents, Anderson never argued restitution would violate the terms of the plea agreement. At the sentencing hearing, his attorney merely stated the plea agreement did not contemplate restitution. However, no motion to withdraw the plea was made at that time. Anderson's failure to object to restitution either during his plea hearing or during sentencing constitutes a waiver of the challenge he now raises to restitution.

■ At the sentencing hearing, Anderson did argue that the amount of restitution sought by the victim (and subsequently ordered by the court) was excessive. Defense counsel pointed out that Anderson's "business is bankrupt and he is apparently in Chapter 7 liquidation," and that "[h]e's currently undergoing a marital dissolution."

By statute, a court must consider the following criteria in determining whether to order restitution and the amount of restitution:

> (1) the amount of economic loss sustained by the victim as a result of the offense; and

> (2) the income, resources, and obligations of the defendant.

Minn.Stat. § 611A.045, subd. 1 (1990).

The amount of restitution ordered in this case is not disputed, and is clearly related to JMJ's economic losses, as set out in her affidavit and her written and oral statements to the court. While the district court in this case did not specifically address Anderson's ability to pay, it provided for payment of restitution from prison wages on a schedule set by prison authorities and when released on a schedule set by a parole officer. From this, we may surmise that the court determined Anderson had little or no current ability to pay.

■ We do not believe that a remand for specific findings on Anderson's ability to pay would be judicially efficient. Anderson's recourse will come at any time he is asked to pay more than he has the ability to pay, and his repayment schedule may be modified at that time, if appropriate. *See State v. Jola*, 409 N.W.2d 17, 20 (Minn.App.1987) (adjustment to restitution may be made if it becomes impracticable in future). Few defendants have a current ability to pay restitution when they are transported to prison, and detailed findings to that effect would serve little purpose.

## DECISION

The restitution order is affirmed.

**Affirmed.**