**STATE of Minnesota, Repondent,**

v.

**Shawn Lee COLSCH, Appellant.**

**No. C1–98–138.**

Court of Appeals of Minnesota.

June 2, 1998.

cluded noneconomic damages for the victim's pain and suffering. We reverse and remand.

## FACTS

Appellant Shawn Lee Colsch was convicted of misdemeanor assault in violation of Minn. Stat. § 609.224, subd. 1 (1996). The district court found that the victim had $1,529.44 in actual out-of-pocket expenses caused by the assault, but ordered restitution of $10,000. Colsch moved to reduce the restitution award. At a restitution hearing, Colsch's attorney objected to questioning by the court regarding the victim's pain and suffering, arguing that restitution is limited to economic losses. The court permitted the testimony, but then continued the hearing, modified the restitution judgment to $2,335 (the amount Colsch had already paid), and vacated the rest of restitution judgment pending further hearing.

After a second hearing, the district court found that (1) the victim would need physical therapy in the future and would likely lose commissions; (2) the victim has and will have to "occupy her personal time doing home exercises, resting, and experiencing headaches and other symptoms"; (3) the victim suffered an injury similar to a whiplash injury, which would make her more susceptible to reinjury; (4) the victim's physician was unable to predict when she would be free from symptoms and told her to expect to return to therapy two times per year at a cost of approximately $300; and (5) the victim has endured "much pain, suffering, and fear." The district court denied Colsch's motion to reduce restitution and reinstated the remaining $7,665 of the restitution judgment. This appeal followed.

Hubert H. Humphrey III, Attorney General, St. Paul, James A. Fabian, County Attorney, Douglas J. Anderson, Assistant County Attorney, Caledonia, for respondent.

David L. Schultz, Caledonia, for appellant.

Considered and decided by HARTEN, P.J., and SHORT and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Shawn Lee Colsch challenges the district court's restitution order that in-

## ISSUE

Did the district court err in ordering restitution that included noneconomic damages?

## ANALYSIS

█ This issue is appealable as a matter of right. *See State v. Whitledge*, 500 N.W.2d 488, 489 (Minn.1993) (holding that misdemeanor defendant may appeal sentence if sentencing issue is one that could have been

raised by defendant before sentencing guidelines became effective in 1980).

 "Deciding whether a particular item of restitution fits within the statutory definition is a question of law and is fully reviewable by the appellate court." *State v. Esler*, 553 N.W.2d 61, 63 (Minn.App.1996), *review denied* (Minn. Oct. 15, 1996). "Restitution is primarily intended to compensate a crime victim for his or her loss by restoring the victim to their original financial condition." *State v. Terpstra*, 546 N.W.2d 280, 283 (Minn.1996); *see also State v. Maidi*, 537 N.W.2d 280, 286 (Minn.1995) (providing that "restitution statute was primarily intended to compensate victims").

 Colsch contends that the district court erred when it included noneconomic losses in its restitution order, arguing that Minn.Stat. § 611A.045 (1996) limits restitution to economic losses. The prosecutor did not provide evidence showing $10,000 of economic loss sustained by the victim. In fact, the court found that the victim documented $1,529.44 of actual out-of-pocket expenses. The only evidence to support a restitution order of $10,000 is the court's consideration of noneconomic damages, including the victim's pain and suffering.

In determining the amount of restitution, the district court

* * * shall consider the following factors:

(1) the amount of economic loss sustained by the victim as a result of the offense; and

(2) the income, resources, and obligations of the defendant.

Minn.Stat. § 611A.045, subd. 1(a).

. To justify the amount of restitution here, the district court relied on Minn.Stat. § 611A.04, subd. 1(a) (1996), which provides in part that

A request for restitution may include, ***but is not limited to,*** any out-of-pocket losses resulting from the crime, including medical and therapy costs, replacement of wages and services * * *.

(Emphasis added.)

The language in Minn.Stat. § 611A.045, subd. 1(a) may conflict with Minn.Stat.

§ 611A.04, subd. 1(a). Apparently conflicting laws are to be construed together, if possible, to give effect to both provisions. *See* Minn.Stat. § 645.16 (1996) ("[e]very law shall be construed, if possible, to give effect to all its provisions"); Minn.Stat. § 645.26, subd. 1 (1996) ("[w]hen a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both").

 These two provisions can be construed to give effect to both provisions. Minn.Stat. § 611A.045, subd. 1(a) is written in mandatory terms, and mentions only economic loss. Minn.Stat. § 611A.04, subd. 1(a), which provides that a restitution request is not limited to out-of-pocket expenses, means that other *economic* losses may be requested. Economic loss may include damages beyond out-of-pocket expenses. *See, e.g., B.F. Goodrich Co. v. Mesabi Tire Co., Inc.*, 430 N.W.2d 180 (Minn.1988) (loss of business); *Sports Page, Inc. v. First Union Management, Inc.*, 438 N.W.2d 428 (Minn.App.1989) (lost profits).

We hold that restitution is limited to recovery of economic damages sustained by the victim. Our reading of other statutory provisions and cases are consistent with this holding. *See, e.g.,* Minn.Stat. § 611A.04, subd. 1 (dollar amounts of claimed restitution must be itemized); *Id.,* subd. 3 (order for restitution does not bar any civil action by victim); *State v. Ford*, 539 N.W.2d 214, 231 (1995) (record of economic loss is required before district court may order restitution); *State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984) (remanding for reconsideration of $10,000 restitution judgment for evidence of economic loss).

 It appears that the district court also considered the victim's potential future expense of physical therapy in making its restitution order. The evidence shows that the victim's physician was uncertain how much physical therapy the victim would need in the future. Restitution is limited to the actual economic loss sustained by the victim, proved by a preponderance of the evidence by the prosecution. *See* Minn.Stat. § 611A.045,

subd. 3 (burden on prosecution to prove restitution). The victim may return to the court if any additional economic loss is incurred. Minn.Stat. § 611A.04, subd. 1(b)(3) (1996) specifically provides that the court may amend an order of restitution after the sentencing or dispositional hearing if "the true extent of the victim's loss * * * was not known at the time of the sentencing or dispositional hearing, or hearing on the restitution request." This provision anticipates that certain losses will need to be proved in the future and provides a mechanism for the court to amend a restitution order. *See also* Minn.Stat. § 611A.045, subd. 1(1) (court shall consider economic loss *sustained* by victim). Unless the victim's future damages can be proved with certainty, the victim should seek amendment of the restitution order if and when the loss is sustained.

While the district court is entitled to broad discretion in ordering restitution, that discretion applies only to items that meet the statutory requirements of being "economic loss sustained by the victim as a result of the offense." Minn.Stat. § 611A.045, subd. 1(1).

### DECISION

The district court erred by including the victim's noneconomic damages in its restitution order. We reverse and remand for proceedings consistent with this opinion.

**Reversed and remanded.**