In the Matter of the WELFARE
OF M.R.H.

No. A05–929.

Court of Appeals of Minnesota.

June 13, 2006.

Review Denied Aug. 15, 2006.

Mike Hatch, Attorney General, St. Paul, MN; and Douglas H. Johnson, Washington County Attorney, Erin A. Johnson, Assistant Washington County Attorney, Stillwater, MN, for respondent.

G. Tony Atwal, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by Chief Judge TOUSSAINT, Presiding Judge; ROSS, Judge; and MINGE, Judge.

## OPINION

ROSS, Judge.

Appellant M.R.H. is an adjudicated delinquent who challenges the district court's order for restitution, arguing that the restitution impermissibly duplicates damages that M.R.H. paid in a civil settlement and is based on losses known to the victims at sentencing. M.R.H. also challenges the portion of the restitution that compensates one of the victims for the value of accrued employment leave that the victim expended to tend to a different, hospitalized victim of M.R.H.'s delinquent conduct. We affirm.

## FACTS

A dispute about a fireworks incident escalated into an argument between appellant M.R.H. and Benjamin Kloos on June 28, 2002. M.R.H. punched Kloos in the face. Kloos fell backwards, dashing the back of his head on the pavement. The sudden impact fractured Kloos's skull, requiring emergency brain surgery and three weeks' hospitalization. During this period Kloos underwent additional surgery to replace a portion of his skull and spent ten days in a medically induced coma. Benjamin Kloos's parents spent considerable time tending to him throughout his treatment and recovery. This required them to be away from work, so Benjamin's father, Michael Kloos, expended "flex

leave" and "comp leave" that he had accrued through his employment.

The state filed a delinquency petition charging M.R.H. with first-degree assault, in violation of Minn.Stat. § 609.221, subd. 1 (2000). He pleaded guilty and the district court adjudicated him delinquent. The court imposed a 48–month stayed sentence of incarceration, placed M.R.H. on probation, and ordered M.R.H. to pay restitution to Benjamin Kloos and his family for expenses they incurred as a result of the assault. The district court noted that the Kloos family had submitted a restitution affidavit claiming $21,619.97 of expenses not covered by insurance, and, apparently relying on Minnesota Statute section 611A.04, subdivision 1, the district court commented that restitution is limited to out-of-pocket expenses and losses, "not includ[ing] any other types of damages that the Kloos family could pursue in a civil action." Because the Klooses' restitution request had not yet been investigated, the district court reserved deciding the restitution amount.

Benjamin Kloos served a civil lawsuit against M.R.H. and against M.R.H.'s parents in April 2003, alleging that M.R.H. was liable for damages from the assault and that his parents were liable as M.R.H.'s guardians under Minnesota Statutes section 540.18. On September 12, 2004, Benjamin Kloos settled his lawsuit for $50,000, and he released M.R.H. and M.R.H.'s parents from all claims arising from the assault.

Benjamin Kloos's parents, Michael and Lori Kloos, however, were parties neither to the lawsuit nor to the settlement agreement. Michael and Lori Kloos submitted a restitution request for $21,800.21 in December 2004. They attached a list of losses almost identical to those they originally requested in 2002, including the value of Michael Kloos's lost wages. M.R.H. con-

tested the propriety of restitution and the amount requested. The district court ordered M.R.H. to pay Michael and Lori Kloos $10,663.49 in restitution. M.R.H. appeals that order.

## ISSUE

Did the district court abuse its discretion by ordering M.R.H. to pay $10,663.49 in restitution?

## ANALYSIS

 M.R.H. maintains that the district court abused its discretion by ordering him to pay Michael and Lori Kloos $10,663.49 in restitution. A crime victim has the right to restitution as part of the disposition of a juvenile-delinquency proceeding that results in an adjudication of delinquency. Minn.Stat. § 611A.04, subd. 1(a) (2004). "A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime," including medical costs and the replacement of wages and services. *Id.* A parent of a victim is considered a victim for restitution purposes if she suffers economic harm directly resulting from the crime. *State v. O'Brien,* 459 N.W.2d 131, 135 (Minn.App.1990). The district court has wide discretion to order reasonable restitution, but there must be a factual basis establishing the victim's loss. *State v. Chapman,* 362 N.W.2d 401, 404 (Minn.App. 1985), *review denied* (Minn. May 1, 1985). Whether a particular claim for restitution fits within the statutory definition is a question of law, which this court reviews de novo. *State v. Thole,* 614 N.W.2d 231, 234 (Minn.App.2000).

 M.R.H. argues first that the restitution award is duplicative because the $50,000 settlement of Benjamin Kloos's civil action compensated Michael and Lori Kloos for the same losses. M.R.H. misreads the scope of the civil suit and its

settlement agreement. It is true that the damages Benjamin Kloos claimed in his civil action rest in part on the expenses that Michael and Lori Kloos later requested as restitution. But Michael and Lori Kloos were not parties to Benjamin Kloos's civil action or to the settlement agreement. A settlement agreement is a contract. *Ittel v. Pietig,* 705 N.W.2d 203, 207 (Minn.App.2005), *review denied* (Minn. Jan. 17, 2006). Generally, "nonparties to a contract acquire no rights or obligations under it." *Mon–Ray, Inc. v. Granite Re, Inc.,* 677 N.W.2d 434, 439 (Minn.App.2004) *review denied* (Minn. June 29, 2004). As nonparties, Benjamin Kloos's parents were neither entitled to compensation nor bound to the release of liability.

■ Even if Michael and Lori Kloos had been parties to their son's lawsuit, the settlement agreement itself is too limited to foreclose restitution. The agreement provides that Benjamin Kloos will "release, acquit and forever discharge [M.R.H. and his parents] . . . of and from any and all actions, claims, damages, costs, loss of service, expenses and compensation" resulting from the assault. As consideration for this release, M.R.H. and his parents paid Benjamin Kloos $50,000. Nothing in the settlement agreement or in the record before us establishes that M.R.H. directed any portion of the $50,000 payment to cover the expenses that Michael and Lori Kloos later claimed in their restitution request. As the agreement expressly declares, the $50,000 payment was consideration for the release of claims, not compensation for the injuries alleged in the lawsuit. Payment under the settlement specifically resolves "a doubtful and disputed claim" and that "payment is not to be construed as an admission of liability." That M.R.H. had the opportunity to—but did not—incorporate into that agreement a link between the settlement and the parental claims for

restitution further undercuts his argument that the settlement should have reduced his obligation to Benjamin Kloos's parents.

Because Michael and Lori Kloos are not bound by or entitled to the proceeds from the settlement agreement, and because no portion of the $50,000 settlement is attributed to the expenses claimed by Michael and Lori Kloos in their restitution request, settlement of the civil action did not require the district court to limit the amount of restitution awarded to them. The record does not show that any payment compensated Michael and Lori Kloos for their losses arising from the assault. We conclude that the district court did not abuse its discretion by calculating restitution to them without regard to the settlement among M.R.H., M.R.H.'s parents, and Benjamin Kloos.

■■ M.R.H. next argues that the restitution order is statutorily barred because it is based on losses known by the Kloos family at sentencing. A district court may order restitution after the sentencing or dispositional hearing if, among other requirements, the extent of the victim's loss was unknown at the time of the sentencing or dispositional hearing. Minn.Stat. § 611A.04, subd. 1(b)(3) (2004). But it is *the district court's* lack of knowledge that allows it to amend or issue a restitution order after sentencing, not *the victim's.* *Mason v. State,* 652 N.W.2d 269, 272 (Minn.App.2002) (construing subdivision 1(b)(3) to "mean that the court's knowledge, rather than the victim's or the state's," is determinative), *review denied* (Minn. Dec. 30, 2002). The record shows that the district court did not know the extent of the Kloos family's losses at sentencing, and there was no hearing on restitution until the second request. The statute therefore does not bar restitution here.

■ M.R.H. argues also that the restitution that compensates Michael Kloos for

the time he missed from work is improperly awarded because Michael Kloos did not suffer any economic loss. We reject this argument. We have mentioned Benjamin Kloos's serious injury, his hospitalization, his surgeries, and his coma. The record shows that Michael Kloos expended accrued leave from his employment to tend to Benjamin in the hospital while he was recovering from the assault and consequent surgeries. The operative statute provides that "restitution may include, *but is not limited to,* any out-of-pocket losses resulting from the crime, including medical and therapy costs, replacement of wages and services." Minn.Stat. § 611A.04, subd. 1(a) (emphasis added). This broad language gives the district court significant discretion to award restitution, and we will "not construe the statute to exempt certain types of expenses, even though we may consider these expenses inappropriate. To do so ... would run contrary to the clear language of ... section[ ] 611A.04 ..., delegating the decision to the sentencing court." *State v. Tenerelli,* 598 N.W.2d 668, 671 (Minn.1999) (alteration in original) (quotation omitted). We note that the term "out-of-pocket" does not, in context, take on a literal meaning. The statute includes "replacement of wages and services" as a compensable "out-of-pocket" loss. Minn.Stat. 611A.04, subd. 1(a). Like unpaid wages, the expenditure of accrued flex leave and comp time do not literally come "out of pocket." Although accrued leave is not one of the losses specifically listed in the statute, earned but unused leave is a compensable asset, and its loss therefore may be recoverable by a victim-employee through restitution.

We are not persuaded otherwise by M.R.H.'s assertion that Michael Kloos's employer continued to pay his wages during the time Kloos missed work on his son's behalf. We have previously offered, at least as dictum, that restitution for the expenditure of accrued sick leave "is clearly related to [the victim's] economic losses." *State v. Anderson,* 507 N.W.2d 245, 247 (Minn.App.1993), *review denied* (Minn. Dec. 22, 1993). In *State v. Colsch,* we also explained that section 611A.04, subdivision 1(a), authorizes restitution for economic loss including "damages beyond out-of-pocket expenses." 579 N.W.2d 482, 484 (Minn.App.1998). The use of accrued leave generally would allow an employee to continue to collect wages during the leave, whether expended by choice or otherwise. The forced expenditure of accrued employment leave, even if wages continue during the leave, is a loss of accumulated compensation. We therefore disagree with M.R.H.'s implicit argument that because Michael Kloos's employer continued to pay his wages during the leave, Michael Kloos suffered no economic loss. The primary purpose of restitution is to compensate a crime victim by restoring the victim to his or her original financial condition. *Id.* Michael Kloos's accrued employment leave was an asset that he could have retained or used for some other purpose (even while collecting wages), but M.R.H.'s delinquent conduct caused him to expend the leave to care for the injured Benjamin Kloos. Because Michael Kloos suffered an economic loss in expending his accrued leave, we conclude that the district court did not err by awarding restitution to cover that loss.

## DECISION

We affirm the restitution order. Because Michael and Lori Kloos were not parties to the settlement agreement among Benjamin Kloos, M.R.H., and M.R.H.'s parents, the restitution award was not duplicative. And because Michael Kloos's use of his accrued employment leave is an economic loss caused by M.R.H.'s assault on Benjamin Kloos, the

district court may order restitution to compensate for that loss.

**Affirmed.**