*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2129**

State of Minnesota,
Respondent,

vs.

George Alan Vanzee,
Appellant.

**Filed August 11, 2014
Affirmed
Reilly, Judge**

Mille Lacs County District Court
File No. 48-CR-12-2514

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janice S. Jude, Mille Lacs County Attorney, Mark J. Herzing, Assistant County Attorney, Milaca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Hudson, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant challenges the district court's order requiring him to pay $2,661.48 in restitution. Specifically, appellant claims the district court's order for restitution was

untimely. Because appellant waived the issue by failing to timely object to the restitution order, we affirm.

## FACTS

The state charged appellant George Vanzee with two counts of burglary and one count of fleeing by means other than a motor vehicle following a break-in at the Bayview Bar and Grill in Onamia. On November 30, 2012, officers responded to an alarm at the Bayview Bar and Grill. Upon arrival, the officers observed damage to the front door, two electronic pull-tab machines, a ceiling tile, the alarm system, and the telephone box attached to the building. Shortly thereafter, the officers apprehended two suspects, one of whom was Vanzee.

On December 3, 2012, the state sent the victim a letter requesting that he submit an affidavit for any claimed restitution by January 3, 2013. On December 19, 2012, Vanzee waived the omnibus hearing, entered a plea of not guilty, and requested a speedy trial. Later the same day, Vanzee pleaded guilty to the second-degree burglary charge in exchange for the dismissal of the other two charges. At the February 26, 2013 sentencing hearing, the district court imposed a 31-month prison sentence.

More than two months after the sentencing hearing, in early May 2013, the victim filed an affidavit of restitution. The affidavit requested $1,736.48 for a new front door and labor, $500 for the pull-tab machines, $225 for the alarm, $150 for telephone wires, and $50 for the ceiling tile. On May 10, 2013, the state moved to amend the sentencing order and sought $2,661.48 in restitution for the victim.

At the August 14, 2013 restitution hearing, the district court noted, "It's my understanding that the State has requested restitution. I don't believe restitution was left open. Quite frankly, I'm a little confused about this; what the status is. If you can let me know, Mr. Kilgriff, what, what the State's position is." The state explained that Vanzee

> plead guilty within approximately a week of the offense. And so at that time we didn't have all the documents for restitution. . . . And so restitution actually does not have to be open per statute. It can be addressed at any time before—even after probation has expired. So at this point the State is just asking to amend it.

The district court ordered that Vanzee pay $2,661.48 in restitution after Vanzee told the district court that he wanted to be "done with this" and would agree to the same amount of restitution that the district court imposed on his codefendant. Vanzee also indicated that he believed the prison was already withholding restitution payments from his prison earnings and asked the judge to order that restitution be ordered jointly with his codefendant.

Vanzee appeals.

## DECISION

Vanzee asserts that the district court's order for restitution was untimely. The state argues that Vanzee's restitution challenge is procedurally barred because he did not challenge the restitution order in district court as required under Minn. Stat. § 611A.045, subd. 3(b) (2012). Thus, the state contends that Vanzee has waived his ability to challenge the court-ordered restitution on appeal. We agree.

3

We review a district court's order for restitution under an abuse-of-discretion standard. *State v. Ramsay*, 789 N.W.2d 513, 517 (Minn. App. 2010). Minnesota Statute section 611A.045, subdivision 3(b), outlines the process by which an offender can challenge restitution. This section states that an offender may challenge restitution by requesting a hearing within "30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later . . . [and] the hearing request *must* be made in writing and filed with the court administrator." Minn. Stat. § 611A.045, subd. 3(b) (emphasis added). Under section 611A.045, a valid dispute "arises only after an offender meets the threshold burden of raising a specific objection by affidavit." *State v. Thole*, 614 N.W.2d 231, 235 (Minn. App. 2000).

Here, the record reflects that the state sent Vanzee notification of the restitution amount on May 10, 2013. Vanzee did not file an affidavit challenging the restitution amount within 30 days of receiving the notice of restitution. Rather, Vanzee filed a notice of appeal on November 14, 2013. Thus, the state accurately asserts that Vanzee's failure to challenge the restitution award within 30 days precludes him from challenging the type and amount of restitution on appeal.

A failure to comply with the time requirements of section 611A.045 does not necessarily foreclose an offender's ability to challenge a district court's legal authority to order restitution after sentencing. In *State v. Gaiovnik*, the supreme court held that the 30-day time limit does not apply under the "narrow circumstances" where the "only challenge is to the *legal authority* of the court to order restitution and that challenge was raised in the district court." 794 N.W.2d 643, 648 (Minn. 2011) (emphasis added).

4

We first note that the record is devoid of any challenge to the district court's legal authority to order restitution. Vanzee did not challenge the restitution request at the restitution hearing or at any other hearing. Indeed, Vanzee told the court he wanted to be "done with this" and would agree to pay the same amount of restitution as his codefendant. Thus, because Vanzee did not challenge the district court's legal authority to issue a restitution order prior to appeal, his challenge is waived. Likewise, this court will not consider arguments made for the first time on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Even if Vanzee had properly challenged the district court's restitution order, his argument still fails on appeal. Once restitution is requested, "[t]he court. . . shall request information from the victim to determine the amount of restitution owed." Minn. Stat. § 611A.04, subd. 1(a) (2012). Restitution is limited to "economic damages sustained by the victim." *State v. Colsch*, 579 N.W.2d 482, 484 (Minn. App. 1998); Minn. Stat. § 611A.045, subd. 1(a). A restitution request "may include, but is not limited to, any out-of-pocket losses resulting from the crime." Minn. Stat. § 611A.04, subd. 1(a).

A district court has the authority to

> amend or issue an order of restitution after the sentencing or dispositional hearing if:
> (1) the offender is on probation, committed to the commissioner of corrections, or on supervised release;
> (2) sufficient evidence of a right to restitution has been submitted; and
> (3) the true extent of the victim's loss or the loss of the Crime Victims Reparations Board was not known at the time of the sentencing or dispositional hearing, or hearing on the restitution request.

*Id.*, subd. 1(b). A district court's order for restitution is reviewed under an abuse of discretion standard. *Ramsay*, 789 N.W.2d at 517.

The first element of Minn. Stat. § 611A.04, subd. 1(b), is satisfied as Vanzee was in the custody of the commissioner of corrections when the state sent the restitution notification. Second, the state submitted sufficient evidence of a right to restitution. The affidavit submitted by the victim provided an itemized list of losses and their costs, all of which were a direct cause of the break-in. Lastly, it is not clear from the record why the victim submitted the affidavit almost five months after the state requested it, but the record reveals that the true extent of the victim's loss was not known until May 10, 2013—the date the victim submitted his affidavit. Because the true extent of the victim's loss was not known, at the earliest, until almost three months after the sentencing hearing, the third element is satisfied. *See Mason v. State*, 652 N.W.2d 269, 272 (Minn. App. 2002) (holding that the district court properly reserved the restitution issue when it had not received the affidavit of one of the victims or competent evidence of her loss at the time of sentencing). Accordingly, the district court did not abuse its discretion when it ordered Vanzee to pay $2,661.48 in restitution.

**Affirmed.**