*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1678**

State of Minnesota,
Respondent,

vs.

Sara Ann Berkness,
Appellant.

**Filed April 13, 2015
Affirmed
Schellhas, Judge**

Beltrami County District Court
File No. 04-CR-14-1839

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Annie Pat Claesson-Huseby, Beltrami County Attorney, Wyatt Arneson, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**SCHELLHAS**, Judge

        Appellant challenges restitution ordered as part of her sentence for having a dog with no license and failing to immunize the dog. We affirm.

# FACTS

After witnessing a pickup truck hit a small dog, R.H. attempted to move the dog out of traffic; the dog bit him, lacerating his right hand. R.H. located the dog's owner, appellant Sara Ann Berkness, who told him that she did not know whether the dog had had its shots. Police followed up and learned that the dog was not current on its rabies shots. R.H. made four visits to medical professionals to receive rabies shots and incurred out-of-pocket medical expenses. R.H. also used two paid sick days.

Respondent State of Minnesota charged Berkness with four misdemeanors—obstruction, dog running at large, no dog license, and failure to immunize. Based on a plea agreement with the state, Berkness pleaded guilty to no dog license and failure to immunize, and the remaining charges were dismissed. R.H. sought restitution for his out-of-pocket medical expenses and the loss of his sick days. At a restitution hearing, the district court admitted documentary evidence of R.H.'s medical expenses and hourly wages and heard testimony from R.H. and Berkness regarding R.H.'s losses and Berkness's ability to pay restitution. The court ordered Berkness to pay R.H. $968.03 in restitution.

This appeal follows.

# DECISION

Berkness argues that the state failed to meet its burden to show that R.H.'s economic losses were directly caused by her crime. Berkness further argues that R.H.'s loss of sick days was not an economic loss recoverable through restitution.

"A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge or juvenile delinquency proceeding against the offender if the offender is convicted or found delinquent." Minn. Stat. § 611A.04, subd. 1(a) (2012). "'Victim' means a natural person who incurs loss or harm as a result of a crime . . . ." Minn. Stat. § 611A.01(b) (2012). "The record must provide the court with a factual basis to award restitution." *State v. Johnson*, 851 N.W.2d 60, 65 (Minn. 2014). "The burden of demonstrating . . . the appropriateness of a particular type of restitution is on the prosecution." Minn. Stat. § 611A.045, subd. 3(a) (2012). "The primary purpose of restitution is to restore crime victims to the same financial position they were in before the crime." *Johnson*, 851 N.W.2d at 65 (quotation omitted).

Appellate courts review a district court's decision to award restitution for an abuse of discretion. *See State v. Tenerelli*, 598 N.W.2d 668, 669, 672 (Minn. 1999) ("This broad language [of Minn. Stat. § 611A.04, subd. 1(a) (1996)] clearly and unambiguously leaves the decision to award restitution to the discretion of the trial court, subject to review of an abuse of its discretion."); *see also State v. Palubicki*, 727 N.W.2d 662, 666 (Minn. 2007) ("We have recognized that the restitution statute's broad language gives the district court significant discretion to award restitution for a victim's expenses."). But "[w]hether to allow a particular item of restitution is a question of law subject to de novo review." *State v. Maxwell*, 802 N.W.2d 849, 852 (Minn. App. 2011), *review denied* (Minn. Oct. 26, 2011).

*Direct cause of losses*

Berkness argues that the state failed to meet its burden of showing that her failure to immunize her dog was the direct cause of R.H.'s economic losses. She argues that R.H.'s "negligent act" of attempting to move the dog was the direct cause of his losses.

Minnesota courts have provided guidance on when an economic loss is recoverable through restitution. "The district court should order restitution only for losses the defendant directly caused by the conduct that led to his conviction." *State v. Miller*, 842 N.W.2d 474, 477 (Minn. App. 2014) (quotation omitted), *review denied* (Minn. Apr. 15, 2014). "It may not order restitution for conduct that is only tangentially related to the criminal act that caused the loss." *Id.* A district court should determine whether "a restitution claim . . . [is] so attenuated in its cause that it cannot be said to result from the defendant's criminal act." *See Palubicki*, 727 N.W.2d at 667. A recoverable economic loss is "a reasonably foreseeable result of, and . . . directly caused by, [a defendant]'s actions." *See Maxwell*, 802 N.W.2d at 853.

The state elicited testimony from R.H. regarding the dog-bite incident and the losses he incurred because the dog was not immunized, including his out-of-pocket medical expenses and used sick days. The state also offered into evidence insurance statements, medical bills, and a pay stub to bolster R.H.'s testimony. Based on the record evidence, we conclude that R.H.'s medical expenses and the loss of his sick days were not "so attenuated in [their] cause that [they] cannot be said to result from [Berkness]'s criminal act." *See Palubicki*, 727 N.W.2d at 667. R.H.'s economic losses were "reasonably foreseeable result[s] of, and were directly caused by, [Berkness]'s" failure to

immunize her dog. *See Maxwell*, 802 N.W.2d at 853. The state therefore met its burden of showing that Berkness's crime directly caused R.H.'s economic losses.

*Paid sick days*

Berkness argues that by ordering Berkness to pay R.H. $581 for loss of his sick days, the district court caused R.H. to receive "double compensation." Citing *State v. Colsch*, 579 N.W.2d 482, 484–85 (Minn. App. 1998), she argues that R.H. could not suffer economic loss until he needed sick days that were no longer available. Berkness's reliance on *Colsch* is misplaced. In *Colsch*, this court addressed, inter alia, whether restitution could be ordered for noneconomic damages and for potential future economic damages. 579 N.W.2d at 483–85. This case raises a different question, which this court has previously addressed. "Although accrued leave is not one of the losses specifically listed in the statute, earned but unused leave is a compensable asset, and its loss therefore may be recoverable by a victim-employee through restitution." *In re Welfare of M.R.H.*, 716 N.W.2d 349, 353 (Minn. App. 2006), *review denied* (Minn. Aug. 15, 2006). We conclude that R.H.'s loss of sick days caused by Berkness's crime is recoverable through restitution. The district court therefore did not err by granting restitution for this loss.

**Affirmed.**