*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0022
A15-0626**

State of Minnesota,
Respondent,

vs.

Lester Ray Wiley,
Appellant.

**Filed January 11, 2016
Affirmed
Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-CR-14-15521

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Reyes, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Lester Ray Wiley challenges his conviction of second-degree burglary, arguing that (1) his guilty plea was invalid because he did not admit to the elements of the offense, and (2) the requirement that he pay $695 in restitution materially changed the terms of the plea agreement. Because the record shows that appellant did admit to the elements of the offense and that he was notified that he could be ordered to pay restitution, we affirm.

## DECISION

"To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent. A defendant bears the burden of showing his plea was invalid. Assessing the validity of a plea presents a question of law that [an appellate court] review[s] de novo." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010) (citations omitted). Following entry of a guilty plea, "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A reviewing court applies an abuse-of-discretion standard of review to a district court's application of the manifest-injustice standard. *See Carey v. State*, 765 N.W.2d 396, 400 (Minn. App. 2009) (reviewing postconviction court's application of manifest-injustice standard for abuse of discretion), *review denied* (Minn. Aug. 11, 2009).

Appellant argues that his plea is invalid because he did not admit to all the elements of the offense to which he pleaded guilty. A guilty plea must include facts to establish a

"proper factual basis" for the plea. *Raleigh*, 778 N.W.2d at 94. "There must be sufficient facts *on the record* to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotation omitted). The burglary offense to which appellant pleaded guilty is defined as follows:

> (a) Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the second degree . . ., if . . .
> (4) when entering or while in the building, the burglar possesses a tool to gain access to money or property.

Minn. Stat. § 609.582, subd. 2 (2012); *see* 10A CRIMJIG 17.09 (2006) (listing elements of the offense of second-degree burglary). Appellant asserts that his failure to admit possessing a burglary tool invalidates his guilty plea.

At his plea hearing, appellant admitted that he entered the burglarized building with intent to steal some items. He also twice admitted that a tool was used to gain access to the building and that he was not alone in committing the crime, but he denied possessing the burglary tool himself. Police had seen appellant holding the door open at the front entrance of the building, and he was wearing all black clothes, including a black mask and black gloves. He was apprehended at another entrance as he ran out the door. At that door, police found a waste basket containing a second mask and set of gloves, and a screwdriver and flashlight. Police also found displaced computers and cords, and fresh pry marks on a building door. While appellant's admissions may not establish that he personally carried a burglary tool, they are sufficient to establish his culpability for possessing a burglary tool

3

because he is culpable for the actions of his co-burglar. *See State v. Burgess*, 319 N.W.2d 418, 419 (Minn. 1982) (rejecting a robbery getaway driver's claim of insufficiency of evidence when the driver acted in concert with other robbers to commit the crime). All of these circumstances support the accuracy of appellant's plea. *See Raleigh*, 778 N.W.2d at 94 (stating that "a defendant may not withdraw his plea simply because the court failed to elicit proper responses if the record contains sufficient evidence to support the conviction").

While we affirm the validity of appellant's plea, we once again remind the parties that a guilty plea should not be based on facts that are established by asking the defendant only leading questions. *See id.* at 94-96 (stating that "[t]he court should be particularly wary of situations in which the factual basis is established by asking a defendant only leading questions," but confirming the accuracy of the plea). Had appellant been asked to describe the crime in his own words, any confusion regarding the material facts could have been resolved at that time, and not upon appeal to this court.

Appellant next argues that the district court erred by ordering $695 in restitution because restitution was not contemplated in his plea agreement or mentioned at sentencing. A district court may order restitution in addition to an executed prison term when a person is convicted of a felony. Minn. Stat. § 609.10, subd. 1(5) (2012). A district court has discretion to order restitution, and this court will reverse only for an abuse of that discretion. *State v. Meredyk*, 754 N.W.2d 596, 602 (Minn. App. 2008).

4

The plea bargain between the parties did not address restitution, nor was restitution for the burglary discussed at the plea hearing.[1]  At sentencing, however, the state asked "to reserve restitution" for 90 days on other pending charges that were dismissed in accordance with the plea bargain.  The district court denied appellant's request to dismiss the restitution order, ruling that Minn. Stat. § 611A.04, subd. 1(a) (2012), permits the reservation of restitution at sentencing.  The statute also allows the district court to reserve the issue of restitution at sentencing "if the victim's affidavit or other competent evidence submitted by the victim is not received in time." *Id*.

We conclude that the district court's decision to order restitution of $695 was a proper exercise of its discretion because the amount of restitution ordered did not materially alter the plea agreement, and the sentencing hearing transcript implicitly shows that restitution was "on the table" at that time.  *See State v. Anderson*, 507 N.W.2d 245, 247 (Minn. App. 1993) (affirming an order of restitution when "by implication, restitution was potentially involved" because the district court ordered a victim impact statement before sentencing, and presentencing documents recommended restitution), *review denied* (Minn. Dec. 22, 1993); *State v. Noreen*, 354 N.W.2d 77, 78-79 (Minn. App. 1984) (remanding when district court had ordered restitution of $2,000 to victims of sexual assault that was not contemplated in plea agreement, and the restitution amount "created a material change

---

[1] Respondent suggests that an earlier hearing may have addressed restitution, but that appellant did not order a transcript of that hearing.  The record shows only that an earlier hearing was held at which respondent offered the same plea terms that were eventually accepted by appellant, and that the matter was continued to permit additional discovery requested by appellant.  The record does not suggest that the earlier hearing addressed restitution.

in the plea bargain"). Once again, we note that the necessity for this appeal could have been averted had the plea petition, along with all of the other notices given to appellant at that time, explicitly notified appellant that at sentencing he could be ordered to pay restitution.

**Affirmed**.