COLORADO COURT OF APPEALS        **2017COA52**

---

Court of Appeals No. 15CA1352
Adams County District Court No. 14CV2608
Honorable Walter R. Kiesnowski, Jr., Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jimmy Aruther Perez,

Defendant-Appellant.

---

ORDER AFFIRMED IN PART AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE GRAHAM
Taubman and Navarro, JJ., concur

Announced April 20, 2017

---

Cynthia H. Coffman, Attorney General, Ellen M. Neel, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Jimmy Aruther Perez, appeals the district court's restitution order. He contends that the court abused its discretion by ordering him to reimburse the victim $10,080 for expended vacation and sick days. Because we conclude that used vacation and sick leave are pecuniary losses compensable to the victim under the Restitution Act (the Act), sections 18-1.3-601 to -603, C.R.S. 2016, we affirm in part but remand for reduction of the restitution award by $840 (representing an additional five working days ordered by the court but not supported by the record).

## I.     Background

¶ 2     Perez pleaded guilty to leaving the scene of an accident resulting in serious bodily injury, § 42-4-1601(1), (2)(a), C.R.S. 2016, in exchange for the dismissal of additional charges. After the court sentenced Perez, the prosecution requested restitution in the amount of $9,240, based on the victim missing fifty-five days of work after the accident. Perez objected to the prosecution's restitution request.

¶ 3     At the restitution hearing, the prosecution submitted evidence that the victim made $21 an hour and that he typically worked an eight-hour day. The victim missed fifty-five days of work due to his

injuries from the accident, but for a portion of those days he was compensated by his employer through his use of vacation and sick leave. Perez argued that the victim did not lose wages for the period he expended vacation and sick leave, and while the expenditure of his leave was "a loss of some kind," that loss was not compensable under the Act. Perez also argued that he was not the proximate cause of the victim's losses because he pleaded guilty to leaving the scene of an accident resulting in serious bodily injury but not to any crime establishing he was the proximate cause of the victim's injury.

¶ 4 In a written order, the district court held that Perez was the proximate cause of the victim's losses because his "construction of the restitution statute [was] entirely too narrow and ignore[d] the broad meaning intended by the [G]eneral [A]ssembly when it tied a defendant's restitution obligation to his overall criminal conduct and not the charges to which he has pled guilty." The court also concluded that

> the reasonable value of the victim's economic
> damages is based upon his hourly rate of
> approximately $21.00 per hour, multiplied by
> 40 hours per week for 12 weeks. . . . [T]he
> reasonable value of the paid time off which the

2

victim was required to exhaust because of [Perez's] overall criminal conduct is $10,080.

## II.    Restitution

### A.    Standard of Review

¶ 5    "A trial court has broad discretion to determine the terms and conditions of a restitution order." *People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010). "A court abuses its discretion when it misconstrues or misapplies the law or when its decision fixing the amount of restitution is not supported by the record." *People v. Stotz*, 2016 COA 16, ¶ 85 (citations omitted). Restitution is part of a defendant's criminal sentence. *People v. Vasseur*, 2016 COA 107, ¶ 16. We review the legality of a sentence de novo. *People v. Oliver*, 2016 COA 180M, ¶ 16.

¶ 6    "Whether the sentencing court interpreted the statutory sentencing scheme correctly is a question of statutory interpretation that we review de novo." *People v. Rice*, 2015 COA 168, ¶ 10. Our primary task is to give effect to the General Assembly's intent. *Id.* at ¶ 11. "To discern the General Assembly's intent, we look to the plain language of the statute, and where that language is clear and unambiguous, we engage in no further statutory analysis." *Id.*

¶ 7    "Whether a particular claim for restitution fits within the statutory definition is a question of law, which this court reviews de novo." *In re Welfare of M.R.H.*, 716 N.W.2d 349, 351 (Minn. Ct. App. 2006); *cf. People v. McLain*, 2016 COA 74, ¶ 9 (interpretation of the restitution statute is subject to de novo review).

## B.    Defendant Proximately Caused the Victim's Injuries

¶ 8    Perez claims that the district court erred in holding that his actions were the proximate cause of the victim's injuries because it did not make an express finding on the issue.  We identify no reversible error.

¶ 9    "'Proximate cause' means a cause that in 'natural and probable sequence produced the claimed injury' and 'without which the claimed injury would not have been sustained.'" *People v. Lassek*, 122 P.3d 1029, 1035 (Colo. App. 2005) (quoting *People v. Stewart*, 55 P.3d 107, 116 (Colo. 2002)).

> [I]n determining the proper amount of restitution owed, sentencing courts may consider both uncharged and acquitted criminal conduct that has been proved by a preponderance of the evidence; courts are not limited to considering only the criminal conduct which a defendant was found beyond a reasonable doubt to have committed.

4

*Stotz,* ¶ 90; *see People v. Steinbeck,* 186 P.3d 54, 60 (Colo. App. 2007) (the Act "only requires that the conduct underlying the basis of the defendant's criminal conviction proximately caused the victim's losses").

¶ 10    The prosecution bears the burden of proving, by a preponderance of the evidence, both the amount of restitution owed and that the victim's losses were proximately caused by the defendant. *Vasseur,* ¶ 15.

¶ 11    The People argue on appeal that Perez either waived or invited this error. *See People v. Gross,* 2012 CO 60M, ¶ 8 (invited error doctrine); *People v. Rediger,* 2015 COA 26, ¶¶ 54-60 (waiver) (*cert. granted* Feb. 16, 2016). Our review of the record discloses that Perez made this argument to the district court at the restitution hearing, and, therefore, we conclude the doctrines of waiver and invited error do not apply.

¶ 12    The district court rejected Perez's proximate cause contention but did not expressly state it found Perez to be the proximate cause of the victim's injuries. However, the court's rejection necessarily implied that it found Perez to be the proximate cause of the victim's injuries, and sufficient record evidence supports that finding. The

conduct underlying the charge of leaving the scene of an accident resulting in serious bodily injury was Perez hitting the victim with his car. Although the district attorney elected to charge defendant with leaving the scene of an accident instead of a crime based on his having caused the victim's injuries, the court is not precluded from ordering restitution because of the charge elected. *Steinbeck*, 186 P.3d at 60. The crime for which Perez pleaded guilty arose from acts that injured the victim, and we discern no error in the court's rejection of his arguments to the contrary.

## C.    Expended Vacation and Sick Days are Losses Compensable Under the Restitution Act

¶ 13    Every judgment of conviction for a felony offense must include the consideration of an order of restitution to be paid by the defendant. § 18-1.3-603(1); *see Lassek*, 122 P.3d at 1034. "We liberally construe the restitution statute to accomplish its goal of making victims whole for the harms suffered as the result of a defendant's criminal conduct." *Rivera*, 250 P.3d at 1274; *see Roberts v. People*, 130 P.3d 1005, 1009 (Colo. 2006).

> *"Restitution" means any pecuniary loss suffered by a victim and includes but is not limited to* all out-of-pocket expenses, interest, loss of use of money, anticipated future

6

expenses, rewards paid by victims, money advanced by law enforcement agencies, money advanced by a governmental agency for a service animal, adjustment expenses, and *other losses* or injuries *proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money.* "Restitution" does not include damages for physical or mental pain and suffering, loss of consortium, loss of enjoyment of life, loss of future earnings, or punitive damages.

§ 18-1.3-602(3)(a), C.R.S. 2016 (emphasis added).

¶ 14    While "pecuniary loss" is not defined in the Act, Black's Law Dictionary defines pecuniary loss as "[a] loss of money or of something having monetary value." Black's Law Dictionary 1088 (10th ed. 2014); *see Roalstad v. City of Lafayette*, 2015 COA 146, ¶ 34 (where a statute does not define a term and the word at issue is a term of common usage, we may refer to dictionary definitions in determining the word's plain and ordinary meaning).

¶ 15    Perez contends that vacation and sick leave are not compensable under the Act because the loss of leave is not a pecuniary loss. We disagree.

¶ 16    The Act contemplates compensation for a victim's lost wages. *See* § 18-1.3-602(3)(a); *People v. Bryant*, 122 P.3d 1026, 1029 (Colo.

7

App. 2005) ("'[L]ost wages' are wages not received by the victim from the date the crime was committed to the date restitution is imposed . . . ."). We conclude expenditure of vacation and sick leave is a loss of employee benefits comparable to a victim's lost wages. *See In re Ryan A.*, 39 P.3d 543, 550 (Ariz. Ct. App. 2002) (Under Arizona's restitution statute, the court declined "to construe the term 'lost wages' so narrowly as to preclude restitution for the loss of indirect employment benefits, such as annual leave or vacation time . . . . The loss of such benefits is a real economic loss tied to wages earned."); *In re K.F.*, 92 Cal. Rptr. 3d 784, 793 (Cal. Ct. App. 2009) (Under California's restitution statute, the court found a victim's loss of sick leave was compensable because "by depleting his sick leave . . . the credits consumed would not be available [to the victim] to cover future illnesses or for whatever other beneficial purpose the employer might allow."); *M.R.H.*, 716 N.W.2d at 353 (Under Minnesota's restitution statute, "[a]lthough accrued leave is not one of the losses specifically listed in the statute, earned but unused leave is a compensable asset, and its loss therefore may be recoverable by a victim-employee through restitution."); *see also State v. Loutsch*, 656 N.W.2d 781, 786 (Wis.

8

Ct. App. 2002) (under Wisconsin's restitution statute, sick leave is compensable), *overruled on other grounds by State v. Fernandez*, 764 N.W.2d 509, 511 (Wis. 2009).

¶ 17      Perez seeks to distinguish between vested and unvested leave when considering the compensability of vacation and sick leave. Relying on *In re Marriage of Cardona*, 2014 CO 3, he argues that any unvested leave is not compensable under the Act.[1]  In that divorce proceeding, the supreme court concluded that "where a spouse has an enforceable right to be paid for accrued vacation or sick leave, as established by an employment agreement or policy, such accrued leave earned during the marriage is marital property for purposes of the [Uniform Dissolution of Marriage Act (UDMA)]." *Id.* at ¶ 14.  In reaching this conclusion, the court noted that vested interests constitute property under the UDMA, *id.* at ¶¶ 21-29, but that "interests that are speculative" (unvested interests) "are 'mere expectancies' that are not property." *Id.* at ¶ 13 (quoting *In re*

---

[1] The evidence at the restitution hearing established that the victim was entitled to payment for his accrued vacation leave at any time, but that he was only entitled to a payment for sick leave after he accrued 160 hours.

*Marriage of Balanson*, 25 P.3d 28, 36 (Colo. 2001)). Perez urges us to adopt a similar distinction in the restitution context.

¶ 18    We perceive no benefit to categorizing vacation and sick leave as vested or unvested under the Act because irrespective of the leave's status, its expenditure by the victim constitutes a loss. As the supreme court noted in *Cardona*, "time off is itself 'compensation' that has value," *id.* at ¶ 29, and "when [an] employee 'uses' vacation days, the employee still receives the earned compensation, albeit in the form of time off from work," *id.* at ¶ 32. When a victim expends his or her right to time off due to the conduct of a defendant (and the value of that time off can be reasonably calculated and recompensed in money), the Act mandates restitution. *See* § 18-1.3-602(3)(a); *cf. People in Interest of D.S.L.*, 134 P.3d 522, 528 (Colo. App. 2006) (awarding the victim lost wages where he was unable to work preapproved overtime hours because of the defendant's criminal conduct).

¶ 19    In addition, we liberally construe the Act to accomplish the statute's purposes. *Johnson v. People*, 2016 CO 59, ¶ 32. Making the victim whole is one such purpose of the Act. *Vasseur*, ¶ 13. "A victim is made whole when he or she is placed 'in the same financial

position he [or she] would have been in had the wrong not been committed.'" *People v. Reyes*, 166 P.3d 301, 304 (Colo. App. 2007) (alteration in original) (quoting *Alcaraz v. State*, 44 P.3d 68, 73 (Wyo. 2002)). Because Perez cannot give the victim his vacation and sick leave back to make the victim whole, in order to place the victim in the same financial position he would have been in had Perez not committed the crime, Perez can be ordered to pay the value of the expended vacation and sick leave. And, contrary to Perez's contention, we do not discern this payment to be a "windfall" inappropriately benefiting the victim. *See id.* ("Restitution is intended to make the victim whole, 'not to put the victim in a better position than before the crime occurred.'") (citation omitted) (quoting *Simmons v. State*, 205 S.W.3d 194, 198 (Ark. Ct. App. 2005)). While the victim could not receive cash for his first 160 hours of sick leave, such leave had value both because the victim was forced to exhaust that leave and because that leave will no longer be available for the victim to use to cover future illnesses.

¶ 20    In sum, we conclude that expended vacation and sick leave are compensable as "other losses . . . proximately caused by an

offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a).

###### D. The Victim Missed Fifty-Five Days of Work

¶ 21 Lastly, Perez contends the court erred in ordering he pay the victim for twelve weeks of missed work. While the victim did testify at the restitution hearing that he missed twelve weeks, the prosecution sought restitution for fifty-five days of missed work, and the record supports this calculation. Because awarding an additional five days of missed work results in an $840 windfall to the victim, we remand for the district court to reduce the restitution order by $840. *See Reyes*, 166 P.3d at 304 (the Act avoids a windfall for the victim); *see also Oliver*, ¶ 43 (reviewing a claimed error in the court's restitution for plain error).

### III. Conclusion

¶ 22 The order is affirmed in part, and the case is remanded for the district court to reduce the restitution order by $840.

JUDGE TAUBMAN and JUDGE NAVARRO concur.