**2026 UT App 61**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ERIC TUYISENGE,
Appellant.

Per Curiam Opinion
No. 20250435-CA
Filed April 16, 2026

Third District Court, West Jordan Department
The Honorable James D. Gardner
No. 231912835

Janet Lawrence, Attorney for Appellant

Derek E. Brown and Rebecca Huber,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, RYAN M. HARRIS,
and AMY J. OLIVER.

PER CURIAM:

¶1      Eric Tuyisenge pled guilty to one count of rape. As part of his sentence, Tuyisenge was required to pay restitution to the victim for the time she missed from work as a result of the assault. Tuyisenge challenges the district court's restitution order. On appeal, we are asked to determine whether the court erred by requiring Tuyisenge to reimburse the victim for the portion of her lost wages that had been reimbursed by paid time off (PTO) she had accrued. We agree with the district court that the use of PTO is a pecuniary loss that can be included in the restitution order.

¶2      Under the Crime Victims Restitution Act, a restitution order that attempts to quantify actual damages (as opposed to one that takes the restitution figure from a plea agreement) must

include "the entire amount of pecuniary damages that are proximately caused to each victim by the criminal conduct of the defendant." Utah Code § 77-38b-205(1)(a). For purposes of the Act, pecuniary damages are defined as "all demonstrable economic injury, losses, and expenses regardless of whether the economic injury, losses, and expenses have yet been incurred." *Id.* § 77-38b-102(19)(a).

¶3 Tuyisenge does not dispute that the victim missed work as a result of his criminal conduct. He asserts only that she did not suffer any pecuniary loss as a result of the missed work because she was paid for the time she missed through her PTO. Tuyisenge asserts that the pecuniary value of the victim's PTO itself was "speculative" because "[t]he record did not include any statement from [the victim] indicating she planned to use this PTO afterward" or any other proof that she "had plans to do so." *See State v. Ogden*, 2018 UT 8, ¶ 53, 416 P.3d 1132 ("Ballpark figures and purely speculative calculations constitute insufficient information for a district court to rely on in awarding restitution." (cleaned up)).

¶4 We agree with the State that the district court could make a reasonable inference that the victim would have used her PTO at a later date had she not needed to use it as compensation for work missed as a result of Tuyisenge's actions. Moreover, we agree that the loss of PTO is itself an economic injury, given that PTO has an easily calculable economic value and is part of an employee's benefits package. As the State points out, a number of other jurisdictions have reached the same conclusion, and we find their analysis persuasive. *See, e.g., People v. Perez*, 2017 COA 52M, ¶ 16, 413 P.3d 266 (concluding that loss of PTO is a "loss of employee benefits comparable to a victim's lost wages" and constitutes a pecuniary loss for purposes of restitution); *In re Ryan A.*, 39 P.3d 543, 549–50 (Ariz. Ct. App. 2002) (holding that the loss of PTO "falls within the scope of lost wages" for purposes of

restitution because it is "a real economic loss tied to wages earned" (cleaned up)).

¶5     Accordingly, we affirm the district court's restitution order.

―――――――