**STATE of Minnesota, Respondent,**

v.

**Randall James THOLE, Appellant.**

No. C5–99–2078.

Court of Appeals of Minnesota.

July 11, 2000.

County Attorney, Dakota County Judicial Center, Hastings, MN, for respondent.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, KALITOWSKI and PORITSKY *, Judges.

## OPINION

KALITOWSKI, Judge.

Following his conviction of use of a motor vehicle without consent, appellant Randall James Thole challenges the district court's order for restitution. Appellant claims the district court: (1) erred by ordering restitution for damages not caused by the offense for which he was convicted; and (2) abused its discretion in valuing the vehicle loss at $2,500.

## FACTS

On February 10, 1998, appellant Randall James Thole went to his ex-girlfriend's house, where he allegedly assaulted her before taking her 1988 Chevrolet Spectrum without her consent. After appellant departed, the victim noticed that her purse and cell phone were missing. Appellant subsequently abandoned the vehicle, which was found more than two months later.

Evidence was presented that the 1988 Spectrum was in good mechanical condition prior to the theft but would barely run when the victim recovered it. Its interior was filthy and strewn with debris and someone appeared to have poured sugar in the gas tank. The victim and her husband purchased $720 in parts and made sufficient repairs to render the vehicle operable, and she was later able to trade it in for $790.

Prior to recovery of the vehicle, appellant was charged with motor vehicle use without consent in violation of Minn.Stat.

Mike Hatch, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Kevin P. Shea, Assistant

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

§ 609.52, subd. 2(17) (Supp.1997), and domestic assault in violation of Minn.Stat. § 609.2242, subd. 1 (1996). He pleaded guilty to the charge of motor vehicle use without consent and the domestic assault charge was dismissed. As part of his plea agreement appellant agreed to make restitution in an amount to be determined by the corrections department.'

In her restitution claim to the Dakota County Victim Restoration Program, the victim claimed a loss of $2,500 for her car. She obtained this figure by calling her credit union and requesting the vehicle's Blue Book value. According to the Restitution Investigation Report prepared by Dakota County Corrections, the 1998 Blue Book value of a 1988 Spectrum in good to excellent condition was $2,400 to $3,225.

The victim also requested restitution for certain personal belongings that had been in the car at the time of the theft. In addition, she asserted a claim for her stolen purse and cell phone, the hospital bill she incurred for treatment of injuries from the assault, and her expenses for changing her locks and repairing a broken window.

Based on its investigation, the corrections department assessed the victim's total losses at $4,305.95, and the district court entered an order for restitution in that amount. Appellant filed a motion to vacate the order and a supporting affidavit, claiming that he had done no damage to the vehicle and that "the victim [was] not damaged in the amount alleged." At the hearing, the district court refused to consider appellant's objections to any aspect of the restitution award other than the value of the vehicle because he had not raised them with specificity in his motion and affidavit. Following the hearing, the district court issued its final order for restitution in the amount of $4,250.

## ISSUES

1. Did appellant waive his right to challenge items in the restitution award by failing to comply with the affidavit requirement of Minn.Stat. § 611A.045, subd. 3 (1996)?

2. Did the district court abuse its discretion in ordering restitution of $2,500 for the victim's vehicle?

## ANALYSIS

■ Under Minnesota law, when an offender is convicted of a crime, the victim has a right to restitution including, but not limited to, "out-of-pocket losses resulting from the crime." Minn.Stat. § 611A.04, subd. 1(a) (Supp.1997). While the district court has broad discretion in granting restitution, the record must provide a factual basis for the amount awarded by showing the nature and amount of the losses with reasonable specificity. *State v. Keehn,* 554 N.W.2d 405, 407 (Minn.App.1996), *review denied* (Minn. Dec. 17, 1996). Deciding whether a particular item of restitution fits within the statutory definition is a question of law and is fully reviewable by the appellate court. *See In re Welfare of D.D.G.,* 532 N.W.2d 279, 280–81 (Minn.App.1995), *review denied* (Minn. Aug. 30, 1995).

### I.

Appellant contends the district court erred by awarding the victim restitution for her stolen purse and cell phone, her hospital bill, and the cost of changing her locks and repairing her window because these additional losses were unrelated to his unauthorized use of her car.

■ Under the victim restitution statute, when challenging a restitution request an offender has the initial burden of production:

At the sentencing, dispositional hearing, or hearing on the restitution request, the offender shall have the burden to produce evidence if the offender intends to challenge the amount of restitution or specific items of restitution or their dollar amounts. This burden of production *must* include a detailed sworn affidavit of the offender setting forth all challenges to the restitution or items of res-

titution, and specifying all reasons justifying the dollar amounts of restitution which differ from the amounts requested by the victim or victims.

Minn.Stat. § 611A.045, subd. 3 (1996) (emphasis added).[1] The statute imposes two burdens on the offender: The burden of pleading and the burden of production. Under the statute, the affidavit is both the sole vehicle by which the offender can meet the burden of pleading, and an essential element of the offender's case required to meet the burden of production. The requirement that the offender fully plead his or her position in the affidavit is further illustrated by the legislature's insistence that the affidavit be "detailed." Once an offender raises a proper challenge to the restitution order, the prosecution bears the burden of proving the propriety of the restitution by a preponderance of the evidence. *Id.*

 In his motion to vacate the restitution order, appellant indicated that he was contesting "the appropriateness of the restitution in its entirety *with respect to the vehicle that was alleged to have been stolen in this matter.*" (Emphasis added.) In his accompanying affidavit, appellant stated that he had not damaged the vehicle other than normal wear. He did not object to any other element of the restitution order, and has made no claim that he did not receive proper notice of the victim's claimed losses.

 Under the plain language of the statute, a valid dispute arises only after an offender meets the threshold burden of raising a specific objection by affidavit. Until a dispute exists, the district court need not determine whether restitution is justified by a preponderance of the evidence, as the general standards for ordering restitution are contained in a preceding subdivision. *See* Minn.Stat. § 611A.045,

subd. 1(a) (Supp.1997) (directing the district court to determine restitution by considering "the amount of economic loss sustained by the victim as a result of the offense" and "the income, resources, and obligations of the defendant"). Because appellant's written motion and affidavit only addressed the value of the vehicle, the district court correctly refused to consider any challenges to other items included in the restitution order.

 Appellant does not dispute that he failed to raise his additional objections with specificity, but argues that this court may review the restitution order because it represents plain error. We disagree.

 Under Minn.R.Crim.P. 31.02, an appellate court may consider a plain error not previously brought to the attention of the district court if the error affects substantial rights. To establish plain error, an appellant must show that a district court's ruling (1) was error, (2) was plain, and (3) affected his substantial rights. *State v. Griller,* 583 N.W.2d 736, 740 (Minn.1998)

 Appellant's argument misapprehends the nature of a "plain error." The doctrine exists to permit appellate review of trial errors, even though a defendant has forfeited the right to such review by failing to object at trial. *Id.* A "plain error" is one that affects a defendant's ability to have a fair trial. *Rairdon v. State,* 557 N.W.2d 318, 323 (Minn.1996) (noting appellate review is available for plain errors affecting substantial rights "if those errors had the effect of depriving defendant of a fair trial"). The test for determining "plain error" is whether there exists "a reasonable likelihood that any error substantially affected the verdict." *State v. Glidden,* 455 N.W.2d 744, 747 (Minn.1990). *See also State ex rel. Ras-*

---

1. Because this crime occurred in early 1998, we refer to the version of the restitution statute in effect at that time. Section 611A.045, subdivision 3, was amended in 1999 to impose an additional time limitation on an offender's right to challenge a restitution request. *See* Minn.Stat. § 611A.045, subd. 3(b) (Supp.1999). Neither this nor any other subsequent amendments to the statute would change the outcome of this case.

*mussen v. Tahash*, 272 Minn. 539, 551, 141 N.W.2d 3, 11 (1965) (defining plain error as any error where failure to reverse would "perpetuate a substantial and essential injustice in the sense that as a result an innocent man may have been convicted").

Because this case involved a guilty plea rather than a jury verdict, the district court's ruling did not affect appellant's ability to have a fair trial. Moreover, the district court's ruling was not in error, but was instead consistent with the plain language of Minn.Stat. § 611A.045, subd. 3. Finally, in light of the statutory language, we decline to create an exception that would permit an offender to circumvent his own failure to comply with mandatory procedural requirements.

## II.

Appellant claims the record does not provide an evidentiary basis for the district court's award of $2,500 as restitution for the vehicle. We disagree. The value falls within the range contained in the restitution report. Contrary to appellant's assertion, the restitution reports are part of the district court file and are properly before this court on appeal. The record on appeal consists of "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings." Minn. R.Civ.App.P. 110.01.

The court heard evidence that the vehicle had some pre-existing damage to the back seat but was in sound mechanical condition before the theft; that it was barely operable after its recovery; and that its trade-in value was roughly equivalent to the amount the victim spent to return the car to a working condition. We reject appellant's assertion that the valuation was flawed because the vehicle's trade-in value exceeded the cost of repairs by $65. Restitution does not require a strict netting of the costs against benefits received. *State v. O'Brien*, 459 N.W.2d 131, 134 (Minn.App.1990).

## DECISION

Because appellant failed to challenge any aspect of the order for restitution other than the valuation of the victim's vehicle, under Minn.Stat. § 611A.045 he is barred from challenging other items of restitution. The district court did not abuse its discretion in valuing the vehicle loss at $2,500.

**Affirmed.**