**Robert Daniel ANDERSON,**
**petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A10–663.**

Court of Appeals of Minnesota.

Feb. 8, 2011.

---

David W. Merchant, Chief Appellate Public Defender, Andrea G.M. Barts, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Mark A. Ostrem, Olmsted County Attorney, Eric M. Woodford, Assistant County Attorney, Rochester, MN, for respondent.

Considered and decided by WRIGHT, Presiding Judge; LARKIN, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

This is an appeal from a postconviction petition, filed under Minn. R.Crim. P. 27.03, subd. 9, as a motion to correct a restitution award. Appellant argues that the district court was required to correct an earlier sentencing order that required him to pay $1,000 in restitution under the identity theft statute for each of the 28 direct victims, without a sufficient factual basis determined under statutes that govern an award of restitution. We affirm.

## FACTS

In September 2007, appellant Robert Anderson pleaded guilty in Ramsey County to one count of aiding and abetting identity theft of eight or more victims in violation of Minn.Stat. §§ 609.527, subd. 3(5), .05, subd. 1 (2006). The plea was in exchange for dismissal of a similar count, a guidelines sentence, and a restitution award to be determined. The district court sentenced appellant to 50 months in prison and ordered him to pay "$1,000 in

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

restitution to each identified victim in the Ramsey County File."

Appellant subsequently requested a restitution hearing where he challenged the court's decision to order $1,000 in restitution to each identified victim. Following appellant's guilty plea, restitution affidavits had been sent to the 28 alleged victims in the fashion that is to occur under Minn. Stat. § 611A.04, subd. 1 (2006), the general restitution statute. Seven of the alleged victims returned the affidavits, and only five of the alleged victims sought restitution. The remaining 21 alleged victims did not return the affidavits.

The district court rejected appellant's challenges to the restitution award, concluding that appellant is jointly and severally liable "for restitution to all 28 direct victims of the identity theft he aided and abetted." The court held that although 21 of the 28 affidavits were never returned by the victims, the identity theft statute does not require the direct victims to submit an affidavit detailing loss because the "identity theft statute places a lesser burden on the victim." The court stated that under the identity theft statute, a victim need only meet the definition of "direct victim" to be entitled to restitution in the amount of $1,000. Thus, the court held that the "identity theft statute, having provided its own procedure for victim restitution, need not be read in conjunction with the restitution statutes."

At the restitution hearing, the prosecutor noted that he wanted "to make sure that there's not a claim by [appellant] that these 28 individuals, these 28 identities, were not direct victims of these two charged offenses." If appellant made such a claim, the prosecutor noted that he was prepared to "offer the Incident Reports to establish for the Court that these are identities possessed by [appellant] and/or his accomplices in the course of this offense."

Because appellant did not challenge any of the 28 victims' status as "direct victims," the state presented no further evidence on the issue.

In January 2010, after the time to file a direct appeal had expired, appellant filed a notice of motion and motion to correct restitution. The postconviction court denied the rule 27.03 motion, stating that appellant failed "to set forth any argument not previously litigated in this case." This appeal followed.

## ISSUE

Did the district court err by imposing $1,000 of restitution per direct victim under the identity theft statute?

## ANALYSIS

Under Minn. R.Crim. P. 27.03, subd. 9, a court may at any time "correct a sentence not authorized by law." On appeal from the district court's denial of a rule 27.03 motion, this court "will not reevaluate a sentence if the [district] court's discretion has been properly exercised and the sentence is authorized by law." *State v. Stutelberg,* 435 N.W.2d 632, 633–34 (Minn.App.1989) (quoting *Fritz v. State,* 284 N.W.2d 377, 386 (Minn.1979)).

The purpose of restitution is to compensate victims for losses incurred as a result of crime. *State v. Tenerelli,* 598 N.W.2d 668, 671 (Minn.1999). The district court has broad discretion concerning matters of restitution as long as a sufficient factual basis underlies its decision regarding the ordered restitution. *State v. Thole,* 614 N.W.2d 231, 234 (Minn.App.2000). But statutory construction presents a question of law that is reviewed de novo. *State v. Carufel,* 783 N.W.2d 539, 542 (Minn.2010).

### *Alleged Conflict between Identity Theft Statute and Restitution Statutes*

 Minnesota law gives the victim of a crime the right to receive restitution for loss caused by a convicted criminal offender. Minn.Stat. § 611A.04, subd. 1. Before ordering restitution under this statute, the district court must receive proof of the amount of loss, which the victim can provide by affidavit or by "other competent evidence." *Id.* A "factual basis" must be shown for restitution to each victim. *State v. Latimer,* 604 N.W.2d 103, 105 (Minn. App.1999). Under the statute, proof of amount must include a description of the items lost, itemized costs, and reasons for the amount if it is "in the form of money or property." Minn.Stat. § 611A.04, subd. 1. The defendant may then challenge the restitution request by producing an affidavit "setting forth all challenges to the restitution or items of restitution, and specifying all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims." Minn.Stat. § 611A.045, subd. 3 (2006).

The identity theft statute provides:

> (a) A direct or indirect victim of an identity theft crime shall be considered a victim for all purposes, including any rights that accrue under chapter 611A and rights to court-ordered restitution.
>
> (b) The court shall order a person convicted of violating subdivision 2 to pay restitution of not less than $1,000 to each direct victim of the offense.

Minn.Stat. § 609.527, subd. 4 (2006). The statute defines a "direct victim" as "any person or entity described in section 611A.01, paragraph (b), whose identity has been transferred, used, or possessed in violation of this section." *Id.,* subd. 1(b) (2006).

Appellant argues that the district court erred by concluding that the identity theft statute need not be read in conjunction with the restitution statutes. He contends that because the identity theft statute specifically references the restitution statutes, direct victims must submit loss affidavits as described in section 611A.04, subdivision 1, and he has the right to challenge them under section 611A.045, subdivision 3.

The identity theft statute is unambiguous and contradicts appellant's arguments; it states that the court "shall" order a person convicted of identity theft to pay restitution of "not less than $1,000 to each direct victim." Minn.Stat. § 609.527, subd. 4. The legislature's use of the word "shall" in the statute means that restitution is mandatory in such cases. *See* Minn.Stat. § 645.44, subd. 16 (2006) (stating, " '[s]hall' is mandatory").

Although the identity theft statute references the restitution statutes, the reference does not state a requirement for proof of loss under these statutes. Moreover, the legislature has directed that when two statutes conflict, the more specific provision controls over the more general. Minn.Stat. § 645.26, subd. 1 (2006) ("When a general provision in a law is in conflict with a special provision in ... another law, ... the special provision shall prevail and shall be construed as an exception to the general provision....").

A review of the applicable statutory language reveals that Minn.Stat. § 611A.04, subd. 1, is a general provision pertaining to restitution in criminal proceedings, and Minn.Stat. § 609.527, subd. 4, is more specific, stating that direct victims of identity theft "shall" be awarded not less than $1,000 in restitution. Because Minn.Stat. § 609.527, subd. 4, is the more specific provision, and the identity theft statute mandates that each direct victim be awarded not less than $1,000 in restitution, the district court did not err in concluding that

the identity theft statute need not be read in conjunction with the restitution statute.

*Other Issues*

■ Appellant also argues that the factual basis is insufficient to support the district court's restitution award because he did not make admissions to support a finding that he transferred, used, or possessed all of the 28 direct victims' identities. Rather, he argues that although he admitted to furthering the "counterfeit check operation," he claims that he admitted to possessing only four of the victims' identities. But appellant pleaded guilty to aiding and abetting identity theft of eight or more victims, with the actual number of direct victims determined to be 28. Appellant acknowledged on the record at the plea hearing that he would be responsible for all the victims related to the identity theft charges. And when asked by the prosecutor, at the restitution hearing, he declined to dispute that the 28 individuals were victims. Although appellant may not have possessed the names of all the direct victims, they were victims of the crime of which appellant was convicted: aiding and abetting identity theft of eight or more victims. Thus, the factual basis is sufficient to support the restitution award.

■ As part of his briefing on proof-of-loss provisions of the general restitution statute, appellant observes that the choice of restitution should be left to the victim, and that the procedure set forth in the restitution statute safeguards that choice. Appellant speculates that the reason many of the direct victims did not return the loss affidavits could be that they did not suffer any loss. We observe that Minn.Stat. § 609.527, subd. 1(b), defines a "direct victim" as a person described in Minn.Stat. § 611A.01(b), whose identity has been transferred, and that the latter statute refers to a victim as one who incurs loss. But appellant has not asserted that a victim, by definition, must incur a loss, and he did not do so below.[1] As a result, our determination does not reach the question of whether the definition of "direct victim" adds a requirement that the state show, even if not through the process set forth in Minn.Stat. §§ 611A.04, .045, that the stated victims were victims by definition, that is, persons who incurred some loss. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (stating that appellate courts will generally not consider matters not argued and considered by district court).

Finally, we note that we are not presented in this case with issues concerning the alleged victim losses of more than $1,000, and the language of Minn.Stat. § 609.527, subd. 4, on restitution of "not less than $1,000."

## DECISION

The identity theft statute specifically provides that direct victims of identity theft are entitled to $1,000 in restitution, notwithstanding the general restitution statutes on reporting of victim losses, and the defendant's corresponding opportunity to challenge the reported amounts. Accordingly, on the issues raised before the district court in this case, we conclude that the district court did not err by imposing $1,000 of restitution per direct victim under the identity theft statute.

**Affirmed.**

---

1. Because appellant did not challenge any of the 28 victims' status as "direct victims," the state presented no further evidence on the issue.