*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1652**

State of Minnesota,
Respondent,

vs.

Wayne Brian Christensen,
Appellant.

**Filed July 21, 2014
Affirmed in part, reversed in part, and remanded
Hudson, Judge**

Morrison County District Court
File No. 49-CR-12-808

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian Middendorf, Morrison County Attorney, Little Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Halbrooks, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

On appeal from his conviction of second-degree assault, appellant argues that the district court erred by awarding the victim restitution. Because we conclude that two of

the three items of restitution were properly awarded, we affirm in part, reverse in part, and remand.

**FACTS**

Appellant Wayne Brian Christensen was arrested following an incident in his neighborhood when he threatened to kill children and pointed his loaded gun at a neighbor as she was driving home and entering her house. He was charged with second-degree assault with a dangerous weapon for pointing the gun at his neighbor and making terroristic threats. He entered a *Norgaard* plea to second-degree assault, and the terroristic-threats charge was dismissed.

Shortly after the plea, the neighbor filed an affidavit of restitution with supporting documentation. The affidavit requested $318.55 for missed work, $760 for a self-defense class, and $10,400 for loss in home value. Appellant did not respond to this affidavit until the day of sentencing nearly seven months later. At the sentencing hearing, appellant's attorney orally objected to restitution for the self-defense class and the loss in home value. The district court awarded restitution of $3,078.55, including the work costs, self-defense class, and $2,000 "for loss of [the neighbor's] home and loss of her safety and security in her home and possible loss of value to her home . . . if she decides to sell it." This appeal follows.

**D E C I S I O N**

An award of restitution is reviewed for an abuse of discretion. *State v. Tenerelli*, 598 N.W.2d 668, 671 (Minn. 1999). But deciding whether a particular item falls within the statutory definition of restitution is a question of law reviewed de novo. *State v.*

2

*Thole*, 614 N.W.2d 231, 234 (Minn. App. 2000). Appellant argues that there was not sufficient documentation to support the award of restitution and that any restitution related to the value of the neighbor's home was too speculative. The state does not address appellant's arguments, but rather argues that appellant waived the challenge to restitution by failing to follow the proper statutory procedures at the district court.

Minn. Stat. § 611A.045 (2010) outlines the procedures by which an offender may challenge restitution. That section provides that an offender may challenge restitution by requesting a hearing within "30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later[;] . . . [t]he hearing request *must* be made in writing and filed with the court administrator." *Id.*, subd. 3(b) (emphasis added). At the subsequent hearing:

> the offender shall have the burden to produce evidence if the offender intends to challenge the amount of restitution or specific items of restitution or their dollar amounts. The burden of production *must* include a detailed sworn affidavit of the offender setting forth all challenges to the restitution . . . and specifying all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims.

*Id.*, subd. 3(a) (emphasis added). Here, appellant's counsel made an oral objection to the restitution at the sentencing hearing, but never made a written request for a hearing and never submitted an affidavit detailing the specific challenges to the restitution amounts.

When an offender disputes the amount or type of restitution, the procedural requirements of Minn. Stat. § 611A.045, subd. 3(a), must be met. *State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011). Appellant challenged the self-defense class and loss of

3

home value because they were not "appropriate items for restitution"; thus, he was required to follow the statutory requirements. "[A] valid [restitution] dispute arises only after an offender meets the threshold burden of raising a specific objection by affidavit." *Thole*, 614 N.W.2d at 235. Because appellant did not follow the proper procedures for objecting to the restitution award at the district court, his argument on appeal is waived. *See Mason v. State*, 652 N.W.2d 269, 273 (Minn. App. 2002), *review denied* (Minn. Dec. 30, 2002) (concluding that appellant's postconviction petition disputing a restitution award was untimely because it did not comport with the 30-day statutory requirement for challenging an award); *Thole*, 614 N.W.2d at 235 (declining to address objections to restitution award where appellant had not complied with the statutory requirements at the district court).

Although we strongly caution parties to comply with the statutory requirements for challenging restitution, this court may address any argument in the interests of justice, and we choose to do so here. *See* Minn. R. Crim. P. 28.02, subd. 11 (stating that this court "may review any order or ruling of the district court . . . as the interests of justice may require."). The district court's award of $2,000 "for loss of [the neighbor's] home and loss of her safety and security in her home and possible loss of value to her home . . . if she decides to sell it" was in error. "[R]estitution is limited to recovery of economic damages sustained by the victim." *State v. Colsch*, 579 N.W.2d 482, 484 (Minn. App. 1998); *see also* Minn. Stat. § 611A.045, subd. 1(a)(1). "A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime, including medical and therapy costs, [and] replacement of wages and services." Minn. Stat.

4

§ 611A.04, subd. 1(a) (2010).  Appellant does not dispute the award for missed work.  In addition, the award for the neighbor's self-defense class was documented, and the district court likened it to therapy necessary for the neighbor to recover mentally from the assault.  Accordingly, those two awards were proper.  But the district court's award of $2,000 for possible loss of value to the neighbor's home was not proper because it was speculative and did not represent an actual economic loss.  If the neighbor sells her house in the future, and can document a reduced sale price based on appellant's actions, the restitution award can be amended at the time of the actual economic loss.  *Colsch*, 579 N.W.2d at 485; Minn. Stat. § 611A.04, subd. 1(b) (2010).  Accordingly, we affirm the district court's award of restitution for the self-defense class and missed work, but reverse the award for lost home value and remand for the district court to issue an amended order consistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**