*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0144**

Steven David Pawliszko, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 14, 2014
Affirmed
Chutich, Judge**

Chisago County District Court
File No. 13-CR-07-1738

Steven David Pawliszko, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, Beth A. Beaman, Assistant County Attorney, Center City, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Halbrooks, Judge; and Ross, Judge.

# U N P U B L I S H E D   O P I N I O N

**CHUTICH**, Judge

Appellant Steven Pawliszko appeals the district court's denial of his notice of removal in postconviction proceedings, denial of his motion to correct his sentence under

Minnesota Rule of Criminal Procedure 27.03, and summary denial of his petition for postconviction relief. Because the district court properly acted within its discretion, we affirm.

## FACTS

The facts and procedural history underlying Pawliszko's second appeal to this court are as follows. In July 2007, Pawliszko repeatedly stabbed an ex-girlfriend in her home. He was charged with one count of attempted first-degree murder, one count of attempted second-degree murder, one count of first-degree burglary, and one count of second-degree assault. Pawliszko was offered a plea agreement but decided to go to trial. A jury convicted him of all counts. The district court then sentenced Pawliszko to 240 months in prison for the attempted first-degree murder conviction.

Pawliszko appealed his conviction to this court, arguing through counsel that the district court abused its discretion in failing to give a self-defense instruction, and that it committed plain error in its jury instructions. *State v. Pawliszko*, A08-1399, 2009 WL 3255269, at *1–3 (Minn. App. Oct. 13, 2009). In a pro se supplemental brief, Pawliszko raised claims of witness credibility, prosecutorial misconduct, ineffective assistance of counsel, and sufficiency of the evidence. *Id.* at *4–6. We affirmed his convictions. *Id.* at *7.

In December 2012, the Chief Judge of the Tenth Judicial District issued a general assignment order regarding postconviction proceedings. This order ended the practice of having the court administrator forward to the Chief Judge all postconviction petitions for

assignment.    Instead, the order directed the court administrator to assign all postconviction petitions to the sentencing judges of the underlying criminal cases.

In October 2013, Pawliszko filed a motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, and a petition for postconviction relief. Two days after these filings, Pawliszko filed a notice to remove the district court judge under Minnesota Statutes section 542.13 (2012).  The district court denied this motion the same day that it was filed.

In November 2013, the district court denied Pawliszko relief.  It determined that the sentence was lawful because it was based on Pawliszko's conduct and was within the sentencing guidelines.   The district court found the postconviction petition untimely because it was filed more than three years after the Minnesota Supreme Court denied further appellate review.  The district court also concluded that even if the petition was timely, no relief was warranted: all the claims for postconviction relief were either raised on direct appeal or known at that time and thus barred by *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).  This appeal followed.

## D E C I S I O N

### I.    Assignment of the Motion and Petition and the Notice of Removal

Pawliszko first contends that he was denied due process of law because the court administrator did not file his petition with the Chief Judge of the Tenth District for assignment.  He claims that had proper procedure been followed, he would have been entitled to remove the district court judge.

This argument is without merit. The court administrator did not "fail" to present the petition to the Chief Judge. Instead, the administrator assigned the petition to the sentencing judge according to the general assignment order issued by the Chief Judge. Thus, the petition was properly assigned.

Pawliszko next argues that had the postconviction petition been assigned in the traditional manner, he could have removed the judge under Minnesota Rule of Criminal Procedure 26.04, subdivision 14(4)(a).[1] He argues that had the assignment been made, he would have filed a notice to remove within the seven days required by the rule.

When a notice to remove has been denied, the appropriate remedy is to seek a writ of prohibition; appellate review is inappropriate. *State v. Grigsby*, 806 N.W.2d 101, 107–08 (Minn. App. 2011), *aff'd*, 818 N.W.2d 511 (Minn. 2012); *see also Hooper v. State*, 838 N.W.2d 775, 789 n.4 (Minn. 2013) (noting that failure to seek a writ of prohibition waives an issue involving peremptory removal in a postconviction context). A writ of prohibition prevents a judge from proceeding in a matter from which she is disqualified and avoids the possibility of wasting resources adjudicating the issue. *State v. Dahlin*, 753 N.W.2d 300, 303 (Minn. 2008) (quotation omitted). Because Pawliszko did not seek relief in the appropriate manner, his claim fails.

---

[1] Pawliszko's notice sought to remove the district court based on Minnesota Statutes section 542.13. Section 542.13 states that a judge may not sit in any cause if interested in its determination or biased. The district court denied the removal based on *Hooper v. State*, 680 N.W.2d 89 (Minn. 2004). *Hooper* involves removal of a district court based on Minnesota Rule of Criminal Procedure 26.03. *Id.* at 92. Because both parties argue removal based on this rule, this issue is analyzed from that perspective and not under section 542.13.

4

In addition, even if we were to consider the merits of his claim, Minnesota law states that "once the parties have already appeared before the judge, there is no automatic removal as of right in a postconviction proceeding." *Hooper*, 680 N.W.2d at 92. Here, the district court judge who reviewed Pawliszko's postconviction petition was the same district court judge who presided over both Pawliszko's jury trial and his sentencing hearing. Therefore, Pawliszko did not have an automatic right of removal. *See id.*

## II.     Pawliszko's Motion to Correct His Sentence

Minnesota Rule of Criminal Procedure 27.03, subdivision 9, permits a court to correct at any time a sentence not authorized by law. Although the text of the rule does not expressly authorize it, we have recognized that a party may also invoke this rule by motion. *Washington v. State*, 845 N.W.2d 205, 210 (Minn. App. 2014). "On appeal from the district court's denial of a rule 27.03 motion, this court will not reevaluate a sentence if the [district] court's discretion has been properly exercised and the sentence is authorized by law." *Anderson v. State,* 794 N.W.2d 137, 139 (Minn. App. 2011) (alteration in original) (quotation omitted), *review denied* (Minn. Apr. 27, 2011).

Pawliszko argues that his sentence was not authorized by law because it was punishment for rejecting a plea agreement.[2] He bases this argument on the district court's statement at sentencing that he should have taken the plea deal.

---

[2] Pawliszko also argues that his sentence was excessive and unwarranted by the facts of his case. Pawliszko bases this argument on his claims that no evidence of his guilt was presented at trial and that the prosecution suppressed some evidence and offered perjured testimony at trial. Although Minnesota Rule of Criminal Procedure 27.03, subdivision 9, permits a court to correct a sentence not authorized by law, "the plain language of the rule does not allow a defendant to challenge his conviction." *Johnson v. State*, 801

A defendant's decision to exercise his right to trial must have no bearing on the sentence imposed. *State v. Mollberg*, 310 Minn. 376, 388, 246 N.W.2d 463, 471 (1976). Instead, a defendant must be sentenced solely on the facts of his case and his personal history, and these considerations must be affirmatively shown on the record. *Id.*

Here, the district court specifically stated that it was not punishing Pawliszko for going to trial. The district court explained that the reason for the sentence was that Pawliszko stabbed the victim six times and yet still blamed her for his act. The district court added that Pawliszko was "one of the most dangerous people [it had] ever seen in [its] courtroom." The district court reiterated this finding in its order denying the motion to correct the sentence.

We further note that the sentence Pawliszko received was specifically authorized by law. Pawliszko was sentenced to 240 months in prison for attempted first-degree murder. This sentence was authorized by statute, *see* Minn. Stat. §§ 609.17, subd. 4; .185(a) (2006), and within the presumptive range of the sentencing guidelines, *see* Minn. Sent. Guidelines II.G. (2006 and Supp. 2007). Because Pawliszko's sentence was authorized by law, the district court did not abuse its discretion in denying this motion.

### III.    Pawliszko's Postconviction Claims

Pawliszko argues that he was entitled to postconviction relief because of newly discovered evidence, including ineffective assistance of trial and appellate counsel,

N.W.2d 173, 176 (Minn. 2011). The district court analyzed this claim with Pawliszko's other arguments for postconviction relief, and we do the same here. *See Orozco v. State*, 841 N.W.2d 632, 637 (Minn. App. 2014), *review granted and stayed* (Minn. Mar. 18, 2014).

6

prosecutorial misconduct, sufficiency of the evidence, erroneous jury instructions, and bias by the district court. The district court summarily denied the petition as untimely without any exception to the time bar, barred by the *Knaffla* rule, and frivolous and without merit.

Minnesota law permits a person convicted of a crime to file a petition in district court to vacate the judgment, resentence the petitioner, or grant a new trial. Minn. Stat. § 590.01, subd. 1 (2012). This relief is available if the petitioner claims that the conviction or sentence violated his or her rights under the laws or Constitution of the United States or the state. *Id.*, subd. 1(1). In general, a petition for postconviction relief may not be filed more than two years after the entry of judgment or an appellate court's disposition of the petitioner's direct appeal. *Id.*, subd. 4(a). This two-year time bar does not apply if:

> (1) the petitioner establishes that a physical disability or mental disease precluded a timely assertion of the claim;
> (2) the petitioner alleges the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition, and the evidence is not cumulative to evidence presented at trial, is not for impeachment purposes, and establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted;
> ***
> (5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.

*Id.*, subd. 4(b). A summary denial of a postconviction petition is reviewed for abuse of discretion. *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013).

7

### A.    *Time Bar*

We issued our decision in Pawliszko's direct appeal on October 13, 2009.  *See Pawliszko*, 2009 WL 3255269, at *1.  The Minnesota Supreme Court denied review on December 23, 2009.  Pawliszko filed his petition for postconviction relief on October 7, 2013—almost four years after the final disposition of his direct appeal.  The district court determined that Pawliszko's petition was therefore untimely under Minnesota Statutes section 590.01, subdivision 4.

Pawliszko contends that his claims are not time barred because of (1) mental defect, (2) newly discovered evidence, and (3) the interests of justice.  These arguments are meritless.

Pawliszko claims that he suffers from an "inherited mental defect" and that his time in prison caused his mental capacity to deteriorate.  According to Pawliszko, he was only recently able to complete and submit his postconviction petition.  Pawliszko supports this claim by pointing to a statement in a mental examination report.  But this claim is belied by other evidence in the record, and Pawliszko presents no further evidence that demonstrates he suffers from a mental defect that would satisfy the exception in Minnesota Statutes section 590.01, subdivision 4(b)(1).[3]

---

[3]  Pawliszko's alleged mental deficiency was also not persuasive to the federal district court, which did not grant him equitable tolling on his late-filed federal habeas corpus petition.  *See Pawliszko v. Smith*, Civil No. 12-985 (ADM/AJB), 2012 WL 4815609, at * 3–4 (D. Minn. Sept. 11, 2012), *adopted by* 2012 WL 4815597 (D. Minn. Oct. 10, 2012).

Pawliszko also contends that he is exempt from the time bar because his claims fall within the "newly discovered evidence" exception of the statute. Pawliszko's newly discovered evidence includes: (1) suppressed statements of the victim; (2) suppressed police reports; (3) suppressed toxicology reports; (4) and the prosecution's claim that Pawliszko had been evicted was false.

When a petitioner offers newly discovered evidence, that evidence is considered only if four requirements are satisfied: "(1) the new evidence was not known to the petitioner or his or her counsel at the time of trial; (2) the new evidence could not have been discovered through due diligence prior to trial; (3) the new evidence is not cumulative, impeaching, or doubtful; and (4) the new evidence would probably produce an acquittal or a more favorable result." *Fort v. State*, 829 N.W.2d 78, 82 (Minn. 2013) (citing *Rainer v. State*, 556 N.W.2d 692, 695 (Minn. 1997)).

Pawliszko's argument fails because he does not articulate how this evidence was not known to him or counsel at trial, or how his acquisition of this evidence did not and could not occur before his trial. The "newly discovered evidence" exception of Minnesota Statutes section 590.01, subd 4(b)(2) does not apply.

Pawliszko also asserts that he should be exempt from the statutory time bar under the "interests-of-justice" exception in the statute. *See* Minn. Stat. § 590.01, subd. 4(b)(5). He claims that the prosecutor suppressed and falsified evidence, that the trial court refused to give a self-defense instruction, gave an erroneous jury instruction, and that he is innocent of all charges. "[T]he interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not

9

the *substance* of the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012). Pawliszko's claims here merely repeat the substance of his petition, and thus this argument must fail.

Because he filed his petition beyond the two-year time bar of Minnesota Statutes section 590.01, subdivision 4, and no exception exists, the district court properly exercised its discretion in denying Pawliszko's petition for postconviction relief.

### B.    Knaffla *Bar*

In addition to being time barred, the district court also denied an evidentiary hearing because all of Pawliszko's claims were known or should have been known at the time of direct appeal and were therefore barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).[4]

Once a direct appeal has been taken, all claims raised in the appeal, and all claims known at the time of appeal or that should have been known at that time, will not be considered in a subsequent petition for postconviction relief. *Leake*, 737 N.W.2d at 535 (citing *Black v. State*, 560 N.W.2d 83, 85 (Minn. 1997); *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741). The *Knaffla* rule contains two exceptions. A claim known but not raised on direct appeal is not barred "if the claim's novelty was so great that its legal basis was not reasonably available when direct appeal was taken." *Id.* (citing *Roby v.*

---

[4] The district court was incorrect in stating that all of Pawliszko's claims were barred by *Knaffla*. An ineffective assistance of appellate counsel claim is not barred by *Knaffla* in a first postconviction petition because it could not have been raised at an earlier time. *Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007). But this claim is still barred by the two-year time limit to file a postconviction petition.

*State*, 531 N.W.2d 482, 484 (Minn. 1995)). A claim is also not barred by *Knaffla* and "substantive review may be allowed when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Id.* (quotation omitted).

Pawliszko's claims of insufficient evidence, prosecutorial misconduct, and ineffective assistance of trial counsel were known at the time of direct appeal, and Pawliszko raised those issues in his pro se supplemental brief. *Pawliszko*, 2009 WL 3255269, at *4-7. Pawliszko also apparently knew then of the "suppressed" police reports and victim statements because they factor into this court's analysis of his witness credibility argument on direct appeal. *See id.* at *4 ("Appellant argues pro se that statements [the victim] made to police during the incident contradict her statements at trial.").

Pawliszko does not argue that his claims are so novel as to fit within the first exception to the *Knaffla* rule. Instead he claims that because the issues in his pro se brief on direct appeal were inadequate and incomplete, he has not received a review on the merits. But this argument does not satisfy the second exception to *Knaffla*: "The interests of justice exception to the *Knaffla* bar does not apply when a party simply believes an argument actually raised on direct appeal could have been more complete." *Reed v. State*, 793 N.W.2d 725, 730 (Minn. 2010).

Because Pawliszko's arguments regarding the sufficiency of the evidence, prosecutorial misconduct, suppressed statements and reports, and ineffective assistance of

trial counsel were both known and raised on direct appeal, the district court did not abuse its discretion in holding that these claims were barred by *Knaffla*.

**Affirmed.**