*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0524**

Terence Leon Callender,
petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed November 30, 2015
Affirmed
Klaphake, Judge**[*]

St. Louis County District Court
File No. 69DU-CR-08-5518

Terence Leon Callender, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, James T. Nephew, Kristin E. Swanson, Assistant County Attorneys, Duluth, Minnesota (for respondent)

        Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Terence Leon Callender filed a motion for correction of sentence under to Minn. R. Crim. P. 27.03, subd. 9. The district court denied Callender's motion because his sentence is within the presumptive range designated by the Minnesota Sentencing Guidelines. We affirm.

## DECISION

Under Minn. R. Crim. P. 27.03, subd. 9, a court may "at any time correct a sentence not authorized by law." "On appeal from the district court's denial of a rule 27.03 motion, this court will not reevaluate a sentence if the [district] court's discretion has been properly exercised and the sentence is authorized by law." *Anderson v. State*, 794 N.W.2d 137, 139 (Minn. App. 2011) (quotations omitted), *review denied* (Minn. Apr. 27, 2011). The phrase "unauthorized by law" means "contrary to law or applicable statutes" or "contrary to statutory requirements." *Washington v. State*, 845 N.W.2d 205, 212 (Minn. App. 2014).

Callender pleaded guilty to second-degree intentional murder in violation of Minn. Stat. § 609.19, subd. 1(1) (2006), on January 12, 2011, and was subsequently sentenced to 336 months in prison. On May 21, 2014, Callender filed a motion pursuant to Minn. R. Crim. P. 27.03, subd. 9, challenging his sentence. The district court denied his motion because "the sentence [Callender] received was not a departure from the Minnesota Sentencing Guidelines and was therefore lawful."

In his pro se brief, Callender argues that his 336 months sentence is an illegal upward departure.[1] He is mistaken. Callender's sentence is above the middle-of-the-box sentence of 306 months but is nonetheless well within the presumptive range. *See* Minn. Sent. Guidelines IV (2007) (showing presumptive range of 261–367 months for second-degree murder and no criminal history score). Callender's sentence is also well below the statutory maximum of 480 months. *See* Minn. Stat. § 609.19, subd. 1 (providing 40 year maximum sentence for second-degree intentional murder). Callender argues that any upward deviation from the middle-of-the-box sentence of 306 months is a departure that requires an aggravating factor and implicates his sixth amendment rights. But "[a]ll three numbers in any given cell [on the Minnesota Sentencing Guidelines grid] constitute an acceptable sentence based solely on the offense at issue and the offender's criminal history score—the lowest is not a downward departure, nor is the highest an upward departure." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008).

Callender also claims that the district court mistakenly added the time he served in jail prior to sentencing to his sentence. The district court is required to "assure that the record accurately reflects all time spent in custody . . . which time shall be deducted by the Commissioner of Corrections from the sentence imposed[.]" Minn. Sent. Guidelines

---

[1] Callender also attacks his guilty plea arguing that he was coerced into pleading guilty by first-degree murder charges and the prospect of a life sentence, and that his plea agreement called for a 306-month sentence, not a 336-month sentence. Despite making these arguments, Callender insists that he does not wish to withdraw his plea. Callender did not make these claims before the district court. This court generally will not decide issues which were not raised before the district court. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). Because Callender did not raise these issues before the district court and maintains that he does not wish to withdraw his guilty plea, we do not address these claims.

III.C (2007). Callender argues that he is entitled to approximately 30 months of jail credit, and, instead of subtracting this amount from his sentence, the district court mistakenly added this amount to the 306-month sentence he believes he should have received. Callender is mistaken. The plea petition, plea hearing transcript, and sentencing transcript all clearly indicate that the plea agreement called for a 336-month sentence. At his sentencing hearing, the district court imposed the 336-month sentence and noted that Callender would receive "898 days" of jail credit—just under 30 months— "as against that sentence." The warrant of commitment also notes a sentence of 336 months and that Callender is entitled to 898 days of jail credit.

Callender's sentence is not an upward departure and is not unauthorized by law. Thus, the district court did not abuse its discretion by denying Callender's motion to correct his sentence.

**Affirmed.**