*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1334**

State of Minnesota,
Respondent,

vs.

Joseph Victor Pierce,
Appellant.

**Filed June 13, 2016
Affirmed
Kirk, Judge**

Martin County District Court
File No. 46-CR-15-331

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Terry W. Viesselman, Martin County Attorney, Fairmont, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Kirk,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

        Appellant challenges the district court's restitution order, arguing that the state

failed to meet its burden in proving that the victims' losses were directly caused by

appellant's conduct and that the court did not consider his income, resources, and obligations before ordering restitution. We affirm.

## D E C I S I O N

We review the district court's decision for an abuse of discretion. *State v. Nelson*, 796 N.W.2d 343, 346 (Minn. App. 2011). Crime victims are entitled to restitution for losses they incur from the crime. Minn. Stat. § 611A.04, subd. 1(a) (2014). An offender may challenge the restitution amount by producing a "detailed sworn affidavit" under Minn. Stat. § 611A.045, subd. 3(a) (2014), setting forth all challenges to restitution. After the offender properly challenges the restitution order, the state bears the burden of proving the amount and appropriateness of the restitution by a preponderance of the evidence. *Id.*; *State v. Thole*, 614 N.W.2d 231, 235 (Minn. App. 2010).

After pleading guilty to third-degree burglary, appellant Joseph Victor Pierce challenged the victims' requested restitution amount and items. After a hearing, the district court ordered restitution in the amount of $268.59 for the losses claimed by the victims. On appeal, Pierce argues that the state failed to prove that the claimed losses were directly attributable to his conduct and that the district court failed to consider his income, resources, and obligations before ordering restitution.

The record demonstrates that Pierce's counsel filed a "restitution motion" challenging the claimed losses, which satisfies Minn. Stat. § 611A.045, subd. 3(b) (2014), but the record does not include the required sworn affidavit from Pierce. "[T]he affidavit is both the sole vehicle by which the offender can meet the burden of pleading, and an essential element of the offender's case required to meet the burden of production." *Thole*,

2

614 N.W.2d at 235. Because Pierce failed to follow the statutorily prescribed procedure, we conclude that Pierce's objections are not properly before us. *Id.*

However, assuming *arguendo*, that Pierce met his pleading requirement, he did not produce evidence to support his challenge. Minn. Stat. § 611A.045, subd. 3(a). The only evidence to support Pierce's challenge to restitution was his testimony where he claimed that he did not take the missing items. But the district court found that Pierce did not dispute burglarizing the tool shop and that he testified to being very intoxicated during the burglaries. Pierce's testimony fails to satisfy his burden of production and to establish a valid dispute over the restitution order. Hence, the district court did not abuse its discretion in determining that the state proved the claimed losses through the victims' testimony at the restitution hearing about the claimed missing items and their respective monetary values. "We defer to the district court's credibility determination in resolving conflicting testimony." *State v. Kramer*, 668 N.W.2d 32, 38 (Minn. App. 2003), *review denied* (Minn. Nov. 18, 2003).

The district court also implicitly found that Pierce could pay restitution, based on his reported income stated in the presentencing investigation report. *See* Minn. Stat. § 611A.045, subd. 1(a)(2) (2014) (requiring the district court to account for an offender's ability to pay when ordering restitution); *Nelson*, 796 N.W.2d at 349 (noting that a presentence investigation report constitutes evidence establishing an offender's ability to pay restitution). Finally, Pierce argues in a pro se supplementary brief that the state failed to honor the plea agreement regarding the length of his sentence, that his attorney provided ineffective assistance, and that he did not violate his probation. These issues were outside

3

the scope of the restitution hearing and are deemed waived on appeal. *Thiele v. Stich*, 425

N.W.2d 580, 582-83 (Minn. 1988).

**Affirmed.**