# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0571

State of Minnesota,
Appellant,

vs.

Paul Scott Seeman,
Respondent.

**Filed April 8, 2024**
**Affirmed in part and reversed in part**
**Segal, Chief Judge**

Rice County District Court
File No. 66-CR-14-1473

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brian M. Mortenson, Rice County Attorney, Sean R. McCarthy, Assistant County Attorney, Faribault, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Segal, Chief Judge; and Cochran, Judge.

## SYLLABUS

Before the state has a duty to bring forward evidence to prove the amount of loss for an item of restitution at a hearing on an offender's challenge under Minn. Stat. § 611A.045, subd. 3 (2022), the offender's sworn affidavit submitted in support of the challenge must, at a minimum, be sufficiently detailed to put the state on notice that the offender is challenging the amount of loss for that item.

## OPINION

**SEGAL**, Chief Judge

In this prosecution appeal, the state argues that the district court abused its discretion when the court eliminated or reduced eight restitution awards on the ground that the state failed to prove the amounts of loss sustained by the restitution claimants. The state maintains that respondent failed to provide notice of his intent to challenge the amounts of loss for the eight awards in his sworn affidavit submitted pursuant to Minn. Stat. § 611A.045, subd. 3(a). The state contends that the district court therefore erred by shifting the burden at the restitution hearing to the state to produce evidence to prove the amount of loss. We affirm in part and reverse in part.

## FACTS

In 2014, appellant State of Minnesota charged respondent Paul Scott Seeman with multiple offenses, including racketeering, perjury, theft, and receiving stolen property. The charges primarily stemmed from an allegation that Seeman was involved in a criminal scheme in which he would purchase used vehicles with clean titles, remove the vehicle identification number (VIN) plates from those vehicles, place the VIN plates on stolen vehicles, and then sell the stolen vehicles.

As relevant here, Seeman was convicted in 2022 of 29 offenses involving charges of racketeering, theft, receiving stolen property, and falsifying information in applications for motor-vehicle titles. The district court sentenced Seeman to 117 months in prison for

racketeering.[1]  The district court also ordered Seeman to pay restitution to 13 victims in the total amount of $124,018.65.

Seeman filed a timely "Pro Se affidavit challenging Restitution."  In the affidavit, Seeman challenged all 13 restitution awards.  Seeman subsequently filed a supplemental affidavit in support of his restitution challenge in which he detailed his limited financial resources and requested that the district court consider his inability to pay restitution.

The district court held a hearing on the restitution challenge.  At the start of the restitution hearing, the prosecutor explained:

> The State does not plan on calling any witnesses for the restitution hearing today given that both Mr. Seeman's initial affidavit and his supplemental affidavit outline legal arguments as far as whether or not the Court can order restitution based on his inability to pay and also whether or not insurance companies are victims.

The prosecutor then went through each challenge in Seeman's initial affidavit, acknowledging that two of the restitution awards should be reduced, but otherwise arguing that Seeman's challenge should be denied.  Defense counsel argued in support of Seeman's challenge and noted that there was "really no witness [at the hearing]" or "really no documentation" to explain or support some of the restitution requests that Seeman had been ordered to pay.  The prosecutor countered that Seeman's affidavits challenged the items of restitution and Seeman's ability to pay, not the amounts of loss, and that Seeman's challenge to the amounts of restitution awarded was therefore untimely.

---

[1] Seeman separately appealed his convictions and 117-month sentence; this court affirmed and the supreme court denied review. *State v. Seeman*, No. A22-1117, 2023 WL 8178144, at *1 (Minn. App. Nov. 27, 2023), *rev. denied* (Minn. Feb. 20, 2024).

Following the restitution hearing, the district court granted Seeman's restitution challenge in part and denied it in part. As relevant to this appeal, the district court reduced the restitution awards to one victim and eliminated the restitution awards to seven victims, but rejected Seeman's challenges to the remaining five awards. The district court's order reduced the total amount of restitution Seeman was ordered to pay from $124,018.65 to $5,877.69. The district court based its decision to eliminate or reduce the eight restitution awards on the fact that the state failed to produce evidence proving the amount of loss for those awards.

## ISSUES

I.  Does Minn. Stat. § 611A.045, subd. 3(a), require an offender to specify in the offender's sworn affidavit an intent to challenge the amount of loss for a restitution item before the burden can be transferred to the state to produce evidence supporting the claimed amount?

II. Were the allegations in Seeman's sworn affidavit sufficiently detailed to put the state on notice of Seeman's intent to challenge the amount of loss for the eight restitution awards at issue on this appeal?

## ANALYSIS

### I.

The state argues that the district court's order denying or reducing eight restitution awards must be reversed because Seeman failed to provide notice in his sworn affidavit that he intended to challenge the amounts of loss.[2] Seeman counters that the level of detail

---

[2] As noted above, Seeman submitted two affidavits in support of his restitution challenge. Because his second affidavit addressed only his inability to pay restitution, that affidavit is not relevant to the issues on appeal. We therefore focus our analysis on the first affidavit.

4

required in a sworn affidavit under subdivision 3(a) of the restitution statute is not that high and that he satisfied it in this case.

This court "generally review[s] a restitution order for an abuse of the district court's broad discretion," but "[t]hat discretion . . . is constrained by the statutory requirements." *State v. Wigham*, 967 N.W.2d 657, 662 (Minn. 2021) (quotation omitted). The state's argument here presents a question of statutory interpretation that we review de novo. *State v. Cloutier*, 987 N.W.2d 214, 218 (Minn. 2023).

State law provides crime victims with a "right to receive restitution as part of the disposition of a criminal charge . . . if the offender is convicted." Minn. Stat. § 611A.04, subd. 1(a) (Supp. 2023). The district court "may order restitution only for losses that are directly caused by, or follow naturally as a consequence of, the defendant's crime." *State v. Boettcher*, 931 N.W.2d 376, 381 (Minn. 2019).

An offender can challenge a restitution order by timely requesting a hearing. Minn. Stat. § 611A.045, subd. 3(b). The offender must then provide "a detailed sworn affidavit . . . setting forth all challenges to the restitution or items of restitution, and specifying all reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims." *Id.*, subd. 3(a). The statute specifies that, at a hearing on the challenge, "the offender shall have the burden to produce evidence if the offender intends to challenge the amount of restitution or specific items of restitution or their dollar amounts." *Id.* After this initial "burden of production" is satisfied, "[t]he burden of demonstrating the amount of loss sustained by a victim as a result of the offense and the appropriateness of a particular type of restitution is on the prosecution." *Id.*; *see*

5

*also State v. Thole*, 614 N.W.2d 231, 235 (Minn. App. 2000) (noting that the burden shifts to the state to prove the amount of loss "only after an offender meets the threshold burden of raising a specific objection by affidavit").

We are tasked in this appeal with deciding whether subdivision 3(a) requires an offender to specify each type of challenge that an offender intends to assert before the state can be required to bring forward evidence to support a restitution award. We answer that question in the affirmative. We conclude that subdivision 3(a) of section 611A.045 requires that the offender's affidavit must be sufficiently detailed to put the state on notice of each type of challenge being made to a particular item of restitution. For example, if an offender intends to challenge the amount of loss for a particular item, the affidavit must state that intent. If an offender's affidavit fails to include such notice, then the state cannot be faulted for failing to submit proof of the amount of loss at the restitution hearing.

We are persuaded that this is the correct interpretation based on the plain language of subdivision 3(a), which requires the offender to provide "a *detailed* sworn affidavit . . . setting forth *all* challenges to the restitution or items of restitution, and specifying *all* reasons justifying dollar amounts of restitution which differ from the amounts requested by the victim or victims." Minn. Stat. § 611A.045, subd. 3(a) (emphasis added). The adjectives chosen by the legislature—that the affidavit must be "detailed" and include "all" challenges and reasons—demonstrates the high degree of specificity required of offenders under subdivision 3(a).

In addition, in its recent *Cloutier* opinion interpreting the restitution statute, the supreme court highlighted the specificity required in challenges to restitution awards. 987

6

N.W.2d at 221. The supreme court commented in *Cloutier* that the statute "make[s] clear that (1) a defendant can challenge items of restitution and the amount of restitution ordered for specific items and that (2) these challenges are distinct from one another." *Id.* The supreme court thus recognized that a challenge to an item of restitution—for example, on the ground the claimed loss was not caused by the offense—does not encompass a challenge to the amount of the loss.

Because of this distinction between a challenge to an item of restitution and to the amount of loss claimed for that item, combined with the requirement that an offender must provide a "*detailed* sworn affidavit . . . setting forth *all* challenges . . . and specifying *all* reasons," we are persuaded that subdivision 3(a) requires an offender to specify the type of challenge being made in the affidavit—whether it is a challenge to the inclusion of the specific item, the amount of restitution ordered for that item, or both. Minn. Stat. § 611A.045, subd. 3(a) (emphasis added). An offender's affidavit challenging restitution therefore must, at a minimum, be sufficiently detailed to provide notice of the offender's intent to challenge the amount of restitution ordered for a specific item before the state can be required to produce evidence establishing the amount of loss.

**II.**

We now apply that standard to assess whether the district court abused its discretion in reducing or eliminating the eight awards.

**A.** **Seeman's affidavit provided sufficient notice of his intent to challenge the amount of restitution ordered for the awards to C.R., C.P., and JM Truck & Equipment.**[3]

The state challenges the elimination of the restitution requests of C.R. and C.P., and the reduction of JM Truck & Equipment's request from $2,808.96 to $500. The following are the applicable statements in Seeman's sworn affidavit related to the three awards:

> Restitution should not be awarded to [C.R.] in the amount of $2,240.00. [C.R.] has taken possession of several thousands of dollars in Defendant's property without Defendant's consent. Additionally, [C.R.] was paid by his insurance company and was allowed to keep insurance covered property and therefore was unduly enriched.
>
> * * *
>
> Restitution should not be awarded to [C.P.] in the amount of $12,300.00. Defendant was convicted of receiving the motor from the truck which was valued at $2500. Additionally, the motor was returned, so [C.P.] has suffered no loss.
>
> * * *
>
> Restitution should not be awarded to JM Truck and Equipment in the amount of $2,808.96 because the returned truck exceeds the value of the claimed loss.

For each of these three awards, Seeman's allegations were adequate to put the state on notice of an intent to challenge the amount of the restitution requested. The clearest allegation of a challenge to the amount of loss is in the case of JM Truck & Equipment, where Seeman alleged that "the returned truck exceed[ed] the value of the claimed loss." While less clearly articulated, we are persuaded that the allegations related to C.R., where Seeman alleged that C.R. had no loss because he received insurance proceeds and had possession of Seeman's property, and to C.P., where Seeman alleged that his conviction

---

[3] These restitution awards are denoted as b., e., and h., respectively, in the district court's order.

8

related only to the truck's motor at a value of $2,500, not $12,300, were nevertheless sufficient to put the state on notice of Seeman's intent to challenge the amount of the claimed losses. Consequently, the affidavit satisfied Seeman's burden as to those three restitution awards. Because the state failed to submit evidence proving the amounts of the claimed losses, the district court correctly eliminated or reduced the restitution previously awarded for all three.

B. **Seeman's affidavit failed to put the state on notice of his intent to challenge the amount of restitution ordered for the awards to Rainbow Play Systems, Javens Mechanical, R.H., and Metro Snow Removal Services.**[4]

In his affidavit relating to the four restitution awards for Rainbow Play Systems, Javens Mechanical, R.H., and Metro Snow Removal Services, Seeman stated:

> Restitution should not be awarded to Rainbow Play Systems in the amount of $880.00. Defendant was not found guilty of breaking a lock, breaking glass or breaking a seat.
>                              * * *
> Restitution should not be awarded to Javens Mechanical in the amount of $912.00. Defendant was not charged with the theft of chains and straps.
>                              * * *
> Restitution should not be awarded to [R.H.] in the amount of $912.00. Defendant was not convicted of damaging tractor or theft of parts. Further restitution should not be awarded to [R.H.] as [R.H.] is deceased.
>                              * * *
> Restitution should not be awarded to [Metro Snow Removal Services] in the amount of $91,000.00. The Defendant was convicted of receiving stolen red doors which were valued at $2000.00.

---

[4] These restitution awards are denoted as d., i., j., and k., respectively, in the district court's order.

9

While each of these assertions states that "restitution should not be awarded to [the victim] in the amount of" a dollar sum, the explanation that follows this initial sentence challenges the nexus between the award and Seeman's convictions, not the amount of the loss being claimed. By contrast, Seeman's allegations relating to restitution for C.R., C.P., and JM Truck & Equipment contain the same initial statement but then offer details related to the actual amount of loss. For example, as to the JM Truck & Equipment award, Seeman alleged that JM Truck & Equipment should not be awarded "$2808.96 because the returned truck exceeds the value of the claimed loss." We therefore conclude that Seeman's affidavit failed to put the state on notice of an intent to challenge the amount of loss for the four restitution awards and, consequently, reverse the district court's elimination of the awards to Rainbow Play Systems, Javens Mechanical, R.H., and Metro Snow Removal Services.

### C. We affirm the district court's order eliminating the award to Nelson R.V. because Nelson R.V. never made a restitution claim.

The state includes in its appeal a challenge to the district court's order eliminating the restitution award in the amount of $4,000 to Nelson R.V. Seeman asserted in his affidavit: "Restitution should not be awarded to Nelson R.V. in the amount of $4,000.00. Defendant was not found guilty of causing damage to the Ice Castle fish house." The district court noted that it had initially ordered $4,000 in restitution to Nelson R.V. "based on the request made at the hearing by the State." But apparently, the restitution claim should have been made to a company called Noble R.V., which submitted a restitution claim of $4,000 for damage to its trailer that was found at Seeman's residence. Nelson

R.V. made no restitution request. Substituting Noble R.V. for Nelson R.V. is outside the issue asserted by the state on this appeal, and we therefore affirm the district court's elimination of the restitution award to Nelson R.V.

**DECISION**

Before the state has a duty to bring forward evidence to prove the amount of loss for an item of restitution at a hearing on an offender's challenge to a restitution order, the offender's sworn affidavit must, at a minimum, be sufficiently detailed to put the state on notice that the offender is intending to challenge the amount of loss for that item. We affirm the district court's order eliminating or reducing the restitution awards to C.R., C.P., JM Truck & Equipment, and Nelson R.V., but we reverse the district court's elimination of the restitution awards to Rainbow Play Systems, Javens Mechanical, R.H., and Metro Snow Removal Systems.

**Affirmed in part and reversed in part.**